## TEXAS & PACIFIC RAILWAY COMPANY v. R. E. TUCK.

### No. 2009. Decided December 22, 1909.

**1.—Master and Servant—Safe Place to Work—Charge.**

An instruction holding that it was the duty of the master to exercise ordinary care to furnish its employees a safe place in which to work was properly given in a case where a section hand of a railway was injured while carrying switch ties, unloading for repair of track at a station, by falling over iron rails left between the tracks in the yards and permitted to become obscured from sight by the growth of grass over them. (Pp. 74, 75).

**2.—Evidence—Report of Accident.**

Where plaintiff's counsel had asked a witness for the defendant railway if he had made a report to defendant of the accident, no eror appeared in excluding the report when offered by defendant in the absence of a showing that it differed from the evidence given on the stand or of any other reason why it should have been admitted. (P. 75).

Error to the Court of Civil Appeals for the Fifth District in an appeal from Grayson County.

Tuck sued the railway company and obtained judgment. Defendant appealed and on affirmance procured writ of error.

*W. L. Hall, Head, Dillard & Head,* for plaintiff in error.—It is not negligence as to a section hand for a railroad company to deposit upon its right of way railroad rails for use in the track as occasion may require, and permit them while there to become obscured by grass growing over them. Ry. Co. v. Hester, 64 Texas, 401.

Where the truth or correctness of the witness's testimony is assailed on cross-examination, and he is directly asked on such cross-examination whether or not he had made written statement in reference to the matters about which he is being questioned at or about the time of their occurrence, and the witness answers that he had made such written statement, the party offering the witness should be allowed to introduce the written statement referred to in corroboration of the witness's testimony which is being called in question.

*J. W. Wood,* for defendant in error.—It was the duty of the appellant to furnish appellee with a reasonably safe place to work and to notify him of hidden dangers. Texas & N. O. Ry. v. Echols, 25 S. W., 1088; Texas Cen. Ry. Co. v. Frazier, 34 S. W., 665; 1 Lab. Mas. & Serv., sec. 29, p. 69.

The master is just as much under obligation to furnish a person putting in switch ties a safe place to work as he is to furnish a safe place to any other employe. Each case has its peculiar facts, but the proposition of law is the same. Ry. v. Hannig, 91 Texas, 350; Bonnet v. Ry., 89 Texas, 72; Ry. v. Bingle, 91 Texas, 288.

A witness' testimony can not be corroborated by proving that he had made a similar statement at some other time and place.

MR. JUSTICE BROWN delivered the opinion of the court.

We copy the following statement of the case and conclusions of fact from the opinion of the Court of Civil Appeals:

"R. E. Tuck, appellee, instituted this suit against the Texas & Pacific Railway Company to recover damages for personal injuries. The negligence alleged against appellant was in its failure to provide appellee a safe place to do his work, in that iron rails were permitted to be on the right of way and railway yards at Pilot Point and in allowing them to be obscured by Bermuda grass and weeds and not informing appellee of the same. That he did not know of the position of said rails prior to the time of his injury. Appellant answered by a general denial and pleas of assumed risk and contributory negligence on the part of appellee. A trial resulted in a verdict and judgment in favor of appellee for $1000. Defendant perfected an appeal.

"*Conclusions of Fact.*—Appellee was engaged as a section hand, with Harve Estes as foreman, with headquarters at Tioga, on October 15, 1906, the date that he was hurt. He with his foreman and the rest of his section gang went to Pilot Point, a place not on appellee's regular section, for the purpose of assisting R. L. Reynolds, foreman of the Pilot Point section, and his gang, in putting in some switch ties. While engaged with other section men in carrying a switch tie in the Pilot Point yards, appellee and his colaborers struck and stumbled over some railroad rails which were lying obscured by grass and weeds at the point where they were carrying said tie, causing him to fall against said tie, by reason of which he was injured. The time that appellee was injured was the first time he had ever been at said place. Appellee had no knowledge of the position of said rails prior to the time he was injured. He did not assume the risk

and was not guilty of contributory negligence. The appellant was guilty of negligence in placing said rails in its railway yards at Pilot Point and in permitting them to be obscured by grass and weeds and not informing appellee of the same. By his injuries appellee sustained damages in the amount of the verdict and judgment."

We will state these facts in addition to those found in the opinion of the Court of Civil Appeals. The main track of the railroad at that place runs north and south. At a point north of the depot building and on the west side of that track a track known as the passing track leaves the main track and runs south parallel therewith, connecting with it at a point south of the connection of the house track, which leaves the main track at a point north of the connection with the passing track and runs on the west of and parallel to the main track to a point north of the 'depot building for a distance not given. The depot building is located on the east side of this track. At a point north of its connection with the main track a spur track leaves the house track, running in a southeast direction. The point of junction of the house and spur tracks was the place at which the repair of the switch was being made. A push car was standing on the spur track at about fifty feet from the switch. The ties to be used were near to the east side of the house track, about thirty feet from the spur track. The ties were loaded on the push car, which was then moved to the switch. The section men loaded the ties by lifting them, one or more men at each end, and carrying them to the push car. Between the place where the ties were located and the push car, Bermuda grass was growing near the spur track and in this grass were iron railroad rails on the ground concealed from view by the grass. The switch at which the repairs were being made was about one hundred yards south from the depot building.

Counsel for plaintiff in error insist that the railroad company did not owe to Tuck—a section hand—the duty to exercise the same degree of care as was due from it to other employes who performed services on the ground. The trial judge gave this charge: "It is the duty of a railway company to exercise ordinary care to furnish its employes a reasonably safe place in which to work in the performance of the duties required of them under their employment so that their said work may be performed with a reasonable degree of safety to themselves, and if a railway company fails in the exercise of ordinary care in this respect and an employe suffers an injury directly and proximately caused by such failure, if any, then such railway company is liable in damages to such employe, provided employe is himself free from negligence proximately causing or helping to cause the injury, and provided further that at the time of the injury such employe did not know, or in the ordinary discharge of his duties must not necessarily have known, of the danger attending his performing his work over and about said place." The work of the section hands was being performed in the railroad yards at Pilot Point, where trainmen and other employes would be required to perform their several duties and it is not denied that if Tuck had been a brakeman performing duties as such the rule of law expressed in the charge would be correct. The care required does not depend upon the grade

of employment, but upon the character of the place and of service to be performed.

It is claimed that the rails were at the proper place for their use. Granting that to be true it is no answer to the negligence which consisted in permitting the grass to grow up so as to conceal the rails from the view of persons walking there in discharge of their duty—it constituted a trap for the feet of the ordinarily prudent man.

Whatever may be the correct rule as to care due to section hands, working on the line of the road away from places of resort by others, we can see no reason for a distinction in this case between Tuck and any other person who might lawfully use that ground.

We hold that no error was committed by the court in the charge complained of. The court did not err in excluding the report of the accident made by the witness then on the stand. The bill of exception shows that plaintiff's counsel asked the witness if he had made a report of the accident but it does not show that plaintiff's counsel claimed that the report differed from the evidence given on the stand; nor is any other reason given why it should have been admitted.

We find no reversible error and the judgment is affirmed.

*Affirmed.*