BEATY v. MISSOURI, K. & T. RY. CO. OF TEXAS et al. (No. 5454.)

(Court of Civil Appeals of Texas. Austin. March 12, 1915. Rehearing Denied April 14, 1915.)

1. CARRIERS ⚖➡316, 344—INJURIES TO PASSENGERS—ACTIONS—BURDEN OF PROOF.

A passenger suing for a personal injury sustained by jumping from a moving train under the belief that a collision was imminent, must show that he was injured because of actionable negligence, and that he was free from contributory negligence; and, though there was actionable negligence, there could be no recovery if he was guilty of contributory negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294, 1399; Dec. Dig. ⚖➡316, 344.]

2. NEGLIGENCE ⚖➡136—CONTRIBUTORY NEGLIGENCE—ACTIONS—QUESTION FOR JURY.

Where reasonable minds could not differ on absence of defendant's negligence, or on the presence of plaintiff's contributory negligence,

it was the duty of the court to direct a verdict for defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277-353; Dec. Dig. ⊕136.]

3. CARRIERS ⊕302—RAILROADS ⊕365—INJURIES TO PASSENGERS—PARALLEL ROADS.

The K. and C. railroads maintained parallel tracks sufficiently far apart for the safe passage of their trains. A passenger of the K. railroad, believing that a collision between trains of the two companies was imminent, jumped from the train and was injured. Neither of the companies knew of the passenger's apparent danger. There was no testimony that the K. train whistled, but there was testimony that the C. train whistled, before the trains approached each other, but it did not appear why it whistled. The C. train ran at an excessive speed. Held, that the facts did not show that the railroads were guilty of actionable negligence, though the passenger erroneously believed that he was in imminent danger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1221-1223; Dec. Dig. ⊕302; Railroads, Cent. Dig. §§ 1254-1256; Dec. Dig. ⊕365.]

4. CARRIERS ⊕338—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.

Two railroad companies maintained parallel tracks sufficiently far apart for trains to pass in safety. A passenger jumped from a train, believing that a collision between trains of the two companies was imminent. Had he looked, he would have seen that the tracks did not cross each other. He was familiar with the tracks and knew to whom they belonged. Had he remained on the train, he would have been safe. He was an experienced traveler accustomed to riding on trains. Held, that he was guilty of contributory negligence, as a matter of law, in jumping from the train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1352; Dec. Dig. ⊕338.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by J. H. Beaty against the Missouri, Kansas & Texas Railway Company of Texas and another. From a judgment for defendants, plaintiff appeals. Affirmed.

James E. Yeager, of Waco, for appellant. Allan D. Sanford and W. E. Spell, both of Waco, for appellees.

RICE, J. The Missouri, Kansas & Texas Railway Company of Texas, hereinafter called the Katy, on the 20th of April, 1913, ran an excursion train from Waco to Dallas, and return, upon which appellant was a passenger. On the return trip, a short way out from the Katy depot, that company's track approaches within a short distance of the track of the St. Louis Southwestern Railway Company of Texas, hereinafter called the Cotton Belt; and thence for some distance these tracks parallel each other. On the evening in question, just as the Katy going south out of Dallas, upon which appellant was riding, reached the point where said tracks began to run parallel, a Cotton Belt train from the west was seen coming into the city, and the two trains appeared as though they might run into each other, while, as a matter of fact, they could not do so. Appellant, laboring under the belief that the danger of collision was imminent, jumped from the window of the car in which he was riding to the ground, sustaining serious injury from the fall; and this suit is brought by him against both companies to recover damages therefor, alleging: (1) That they negligently built and maintained their tracks in and along the streets of Dallas in such close proximity to each other as to create in the minds of passengers on trains running over said tracks the impression that there was great apparent danger of a collision; (2) that appellees were negligent, after discovering his peril, or after they should have discovered it by the use of ordinary care and diligence, in failing or refusing to stop or slow down their trains, or either of them; (3) that appellees negligently and rapidly blew their whistles, as if to give warning of approaching danger; (4) that the Katy was negligent in starting and continuing to run its train when it knew, and could by ordinary care have known, that a Cotton Belt passenger train was due to pass there at about right angles with it, and was then coming in at a great rate of speed and in plain view; and (5) that appellees were each guilty of negligence in operating their trains faster than seven miles per hour, in violation of the speed ordinance of the city of Dallas. Appellees answered, denying generally and specifically each allegation of negligence charged against them, and likewise pleaded contributory negligence on the part of appellant. There was a jury trial, and the court peremptorily instructed a verdict against appellant, upon which judgment was rendered, from which this appeal is prosecuted, and such ruling is assigned as error.

[1, 2] Before appellant was entitled to recover, it became necessary for him to show by preponderance of the evidence: First, that he was injured on account of the negligence of appellees; and, second, it must appear that he was not guilty of contributory negligence. Even if appellees had been guilty of negligence which was the proximate cause of his injury, still, if it had been shown that he was guilty of contributory negligence in jumping from the train, then he would not be entitled to recover; and this is true whether his right of action is predicated upon real or apparent danger. If upon the conclusion of the trial it appeared from the evidence, either that appellees were not guilty of negligence, or that appellant was guilty of contributory negligence, and that reasonable minds could not differ with reference thereto, then it was the province and duty of the court to direct a verdict in favor of appellees. These rules of law are elementary, and it is not deemed necessary to cite authority in their support; so that we will briefly discuss the evidence in order: First, to determine whether or not appellees were guilty of negligence in either of the respects charg-

ed; and, second, whether appellant was guilty of contributory negligence.

[3] It seems that appellees' respective tracks had been located parallel to each other, and their cars operated thereon for a number of years along and over the streets of Dallas, and that no similar accident had ever occurred. And it is not made to appear from the evidence that the Katy knew the Cotton Belt schedule, and that one of its trains would be coming in at that hour; but, even if this had been shown, still, it would not have been negligence on the part of the Katy to start its train out at such time, since it appears that the tracks were sufficiently far apart for the respective trains to pass in safety. While appellee testified that he did not jump until it seemed to him that there was going to be a collision (and this opinion is corroborated by several other witnesses), still the cars were 60 feet apart when he jumped, and it was daytime, and he, as well as the other passengers, observed the incoming train several blocks away, and could have known, if they had looked, that the tracks did not cross each other. Besides, appellant testified that he was about 20 years of age, and had been accustomed to riding on cars about once a week since he was 14 years old; and there was testimony showing that he had lived in Dallas and was familiar with the tracks in question, and knew of his own knowledge to whom they belonged; knew that they were separate tracks; knew which was the Cotton Belt and which the Katy, and had ridden on the Cotton Belt and knew where the respective depots were, and that the Cotton Belt passed some distance from the Katy depot going south to its own; but it is not clear whether he knew of these conditions before or after the accident. The evidence also shows that in a number of Texas cities besides Dallas railway tracks parallel each other in close proximity; and it seems to us a matter of common knowledge that this is frequently done, both in this state and elsewhere, so that the simple maintenance and operation of trains over such tracks cannot, in and of itself, be regarded as negligence. There is no testimony showing or tending to show that either of appellees knew of appellant's apparent danger, if any.

There is no testimony showing that the Katy whistled (and the charge of negligence in this respect was withdrawn on the trial); but there is testimony that the Cotton Belt did so before the trains approached each other, but it is not shown why it whistled. In the absence of testimony showing that it was negligently done, we must presume that there was some lawful occasion therefor on the part of the Cotton Belt, such as blowing for a crossing or to advise persons on or near the track of its approach. See C., R. I. & P. Ry. Co. v. Felton, 125 Ill. 458, 17 N. E. 765.

It is true the evidence shows that the Cotton Belt was running beyond the speed lim-

its, but this is not shown to have been the proximate cause of appellant's injury. We therefore conclude that the evidence wholly failed to show that appellees were guilty of negligence; and, unless this has been done, no recovery could be had, notwithstanding appellant may have erroneously believed that he was in imminent danger when he jumped from the car. See G., C. & S. F. Ry. Co. v. Wallen, 65 Tex. 568; Dillingham v. Pierce, 31 S. W. 207; T. & P. Ry. Co. v. Urteaga, 25 S. W. 1036; McPeak v. Mo. Pac. Ry. (Mo.) 30 S. W. 176; Hutcheson on Carriers, vol. 3, § 1223; Elliott on Railways, vol. 3, § 1173; St. Louis & San Francisco Ry. Co. v. Murray, 55 Ark. 248, 18 S. W. 50, 16 L. R. A. 787, 29 Am. St. Rep. 32; C., R. I. & P. Ry. Co. v. Felton, supra.

In Gulf, C. & S. F. Ry. Co. v. Wallen, supra, it is held, as shown by the syllabus, that:

"In a suit against a railway company for damages for an injury to the person from negligence, to entitle the plaintiff to recover, it is not enough that the evidence shows that the injured person did only what a prudent person would have done under the same circumstances, but it must likewise show that the defendant committed some fault, or was guilty of some negligence, which contributed to the injury."

And in Dillingham v. Pierce, supra, Mr. Chief Justice Lightfoot, in passing upon a somewhat similar question, says:

"Upon the whole, we have not been able to find in the record before us any testimony showing any negligence on the part of the defendant company which would render it liable to the plaintiff, or in any way responsible for his unfortunate act in leaping from the rapidly moving train. If it should be conceded that the train was rapidly carrying him from his home and team, and that he did not want to go, still this would not render the company responsible to him for his own act in leaping from the train, under the circumstances shown by the testimony in the record"—citing Railway Co. v. Leslie, 57 Tex. 83, and Railway Co. v. Wallen, supra.

In St. Louis & San Francisco Ry. Co. v. Murray, supra, it is said:

"In order to render the railroad company liable for injuries received in an effort to escape an apprehended danger, there must have been a reasonable cause of alarm, occasioned by the negligence or misconduct of the company. If the effort of the passenger to escape resulted from a rash apprehension of danger which did not exist, and the injury which he sustained is to be attributed to rashness and imprudence, he is not entitled to recover. But if, on the other hand, he be placed, through the negligence or unskillful operation of its trains by the railroad company, in a situation apparently so perilous as to render it prudent for him to leap from the train, whereby he is injured, he will be entitled to recover damages, although he would not have been hurt if he had remained on the train."

In discussing the same subject, Mr. Justice Schofield, in delivering the opinion in Chicago, Rock Island & P. Ry. Co. v. Felton, 125 Ill. 458, 17 N. E. 765, said:

"Since the right of recovery is here based upon the negligence of the defendant, it is not sufficient merely that plaintiff's intestate became alarmed by reason of appearances produced wholly or in part by the defendant; it must ap-

pear that that which produced the alarm, and through it the injury, was negligence of the defendant."

[4] Does the evidence show that appellant was guilty of contributory negligence? We conclude that it does. He was in no actual danger; if he had remained on the train, he would have been safe. We do not think it was shown that there was such apparent danger as justified him in jumping from the train. If he had looked he could have seen before jumping that the tracks did not cross each other, but ran parallel, instead. He was an experienced traveler, accustomed to riding upon trains, and had ridden upon the Cotton Belt, and knew, it seems, of the situation and condition existing at the place where the accident occurred. Another passenger testified that, while it looked to him that the trains were going to cross, still he thought the railroad people knew what they were doing, and remained in his seat. Can it be said, under the circumstances surrounding him, that appellant exercised reasonable and ordinary prudence in jumping from the moving train? We think not. His conduct, on the contrary, might be considered as reckless, rash, and inconsiderate. Where such is the case and injury results no recovery can be had. See Hutcheson on Carriers, vol. 3, § 1224, where it is said:

"But where the passenger encounters peril in an effort to escape from an apprehended danger, and in consequence sustains an injury, it must appear, in order to make the carrier responsible, that the danger was imminent, and was such as to reasonably induce in the mind of a person of ordinary prudence a belief that to make no attempt to escape would be attended with the destruction of life or serious bodily harm. In other words, there must have been a reasonable cause for alarm; for, if the effort of the passenger to escape resulted from the rash apprehension of danger which did not exist, the injury would be attributed to his own imprudent conduct, and he would be without remedy."

See, also, Elliott on Railways, vol. 3, § 1173.

We hold that the evidence fails to show that appellees were guilty of any negligence which was the proximate cause of the injury in question; and, believing that appellant was guilty of contributory negligence, we conclude that the trial court ruled correctly in instructing a verdict in favor of appellees, for which reason its judgment is affirmed.

Affirmed.