MAX HAUSMAN, Respondent, v. AUGUST JACOBS, Appellant.

Supreme Court, Appellate Term, First Department, December, 1922.

**Brokers — real estate — encroachments — when not entitled to commissions.**

A broker to sell a house in the city of New York not located on a business street and which by permission of the city authorities encroaches upon city streets cannot claim to have obtained a purchaser for the premises until he has obtained one who is ready, able and willing to accept title to the premises as they are, including ordinary encroachments upon the street.

Where, therefore, the intending purchaser of premises so situated refused to sign a contract of sale containing a clause that the title was taken subject to such encroachments, the broker is not entitled to recover commissions.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, rendered in favor of the plaintiff.

*Edward J. Krug, Jr.* (*James F. Donnelly*, of counsel), for appellant.

*Isadore Apfel* (*Abraham Rosenstein*, of counsel), for respondent.

LEHMAN, J.    The plaintiff has recovered a judgment for services alleged to have been rendered to the defendant in procuring a purchaser for premises owned by the defendant.  It is undisputed that the plaintiff was employed by the defendant as a broker to procure for him a purchaser for his house.  The plaintiff procured a proposed purchaser who was ready, able and willing to buy the defendant's house at the price and upon the terms of payment demanded by the defendant, but when the parties met to sign the contract of sale it appeared that the stoop of the defendant's house, as well as the cornice, projected beyond the building line and upon the streets of the city, and the proposed purchaser refused to sign a contract of sale which provided that title should be taken subject to these encroachments because his attorney advised him that he could not guarantee that the city might not at some time in the future compel the removal of these encroachments, though

at the same time the attorney advised him that he personally would be willing to take the risk. Since the customer refused to sign the contract of sale submitted by the defendant the plaintiff cannot claim that he is entitled to commissions for bringing together the minds of the parties unless the defendant's demand for the insertion of this clause added a new and unreasonable term after the plaintiff had procured a customer who was ready to enter into a complete contract for the purchase of the defendant's property upon the terms proposed by the defendant. It is a matter of common knowledge that except in small parts of the city mainly devoted to business, almost every house has a stoop and other ornamental projections slightly encroaching upon the street, and while a broker can hardly be expected without a survey to know the extent of these encroachments or whether such encroachments render the title to the premises unmarketable, he cannot close his eyes to the fact of the general existence of such encroachments and he cannot reasonably claim to have obtained a purchaser for premises until he has obtained a purchaser who is ready, able and willing to accept title to the actual premises including ordinary encroachments upon the street. An owner of premises whose title is defective because his own building which he is attempting to sell encroaches upon his neighbor's premises or because his neighbor's building encroaches on his own premises may properly be held liable for commissions claimed by a broker for procuring a purchaser for the premises even though the customer refuses to enter into a contract to take the property subject to encroachments not called to the attention of the broker and the existence of which neither broker nor customer could foresee. In such case it is the duty of the owner to tell the broker of the actual defects in his title. In my opinion, however, the owner of a house in New York not situated on a business street is not called upon to tell the broker that his house encroaches, with the permission of the city, to some degree on the city streets. He has a right to rely on the fact that such encroachments are customary and that the broker is bound to take notice of such custom.

Judgment should be reversed, with thirty dollars costs, and the complaint dismissed, with costs.

MCAVOY and WAGNER, JJ., concur.

Judgment reversed.