JOHN S. SNIFFEN, Respondent, *v.* WILLIAM F. HUSCHLE, JR., and Others, Appellants.

Supreme Court, Appellate Term, First Department, May Term — Filed June, 1923.

**Negligence — automobiles — collision with car ahead — when judgment set aside and complaint dismissed.**

While plaintiff was driving his automobile at fifteen or sixteen miles an hour and about ten or fifteen feet behind defendant's truck going in the same direction plaintiff's car ran into the rear end of the truck which had been suddenly stopped to avoid hitting a boy who was about three feet ahead of it. *Held*, that in an action for damages to the car a judgment in favor of plaintiff will be reversed and the complaint dismissed upon the merits upon the ground that the accident was the result of plaintiff's negligence in failing to control his car so as to avoid the accident.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered in favor of plaintiff for $180.66.

*Fitch & Grant (Franklin Malone,* of counsel), for appellants.

*Samuel I. Golieb,* for respondent.

WHITAKER, J. This is an action for damages to plaintiff's automobile, a sedan car, which ran into the rear of defendants' truck. The answer is a general denial. It was conceded that the damages to plaintiff's car amounted to $162.66.

Plaintiff was driving his car, a Cleveland sedan, through Dean street, Brooklyn. Ahead of plaintiff's car was the truck of defendants going in the same direction. Plaintiff followed behind the truck of defendants for some distance, he alleges, when finally the truck suddenly stopped and plaintiff ran into the rear of defendants' truck smashing the front of plaintiff's car.

Plaintiff contends that defendants' truck stopped suddenly and that he did not see any signal from defendants' driver; that plaintiff was about ten or fifteen feet behind the truck of defendants, and that plaintiff was going fifteen or sixteen miles an hour; and that at such speed plaintiff could not stop his car in about twenty feet.

Defendants' driver testified that he was driving his truck along Dean street, and another truck was coming towards him from the opposite direction; that a boy ran out in front of the other truck from the sidewalk, then turned and ran back again right in front of defendants' truck; that the boy was then about three feet ahead of him and he jammed on the brakes and stopped his truck, and plaintiff hit the rear of defendants' truck; that he was stopped five or six seconds when plaintiff hit him; that when he went back to plaintiff's car there were skid marks from plaintiff's rear wheels extending thirty-five or forty feet; that defendants' truck was going eight to ten miles an hour, and running in second speed; that he did not see plaintiff in his mirror; and that he did not put his hand out when he stopped, to signal to the rear; that one hand was on the whistle signaling to the boy in front of him, and the other hand was on the brake, as he let go the wheel and stopped the truck short. The driver's helper testified that he was on the front seat and if he had not had his feet fast he would have been thrown through the windshield with the force of the collision when plaintiff's car struck the rear of the truck.

It appears without doubt that plaintiff was guilty of negligence. He was driving a sedan car, and following a truck that was traveling in second speed, at eight or ten miles an hour. Plaintiff claims that he was going but fifteen or sixteen miles an hour and could

have stopped in twenty feet, but it does not appear that he had his car under sufficient control, or was not concentrating his entire attention on his driving, so as to be able to stop without crashing into the defendants' truck in just such an emergency as occurred when defendants' driver was unable to put out his hand as a signal as one hand was used for blowing his whistle to warn the boy in his path and the other hand was pulling the brake with only three feet between him and the boy. When plaintiff was ten or fifteen feet behind defendants' truck and ran into the truck with considerable damage to his own car, he must have been going at a greater rate of speed than sixteen miles an hour or else was not paying sufficient attention to his driving to stop or turn out so as to avoid hitting the truck ahead of him, for the truck had been in full view for some time, and had plaintiff had proper control of his car he could have avoided the truck. While a signal to the rear is required by the ordinances and traffic laws when a stop is made, except in an emergency, when the saving of life or limb is involved, there is also an obligation on the drivers following to have sufficient control of their cars in the city streets to likewise stop in an emergency and not to endanger lives or to drive their own cars into objects ahead.

It does not appear, therefore, that defendants have been guilty of negligence. A driver of a car following another has a duty to perform in being prepared for such a sudden stop and to keep at such a distance and to maintain such control of his car as to enable him to stop without hitting a car ahead of him, no less than a truck traveling necessarily at a slower rate of speed than a sedan car, and not to do so was negligence on the part of plaintiff who failed to avoid an accident while defendants stopped their truck and avoided hitting a boy. In *Phillips* v. *Thornton*, 170 N. Y. Supp. 533, where Mr. Justice Delehanty refers to *Lorenz* v. *Tisdale*, 127 App. Div. 433, the court said: " If he came upon the truck so suddenly that he could not stop his machine, he and not the driver of the truck was at fault."

The accident here was the result of plaintiff's negligence and not of the defendants, and the judgment must be reversed.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

GUY and MULLAN, JJ., concur.

Judgment reversed.