FORSTER, Respondent, vs. OUTAGAMIE EQUITY CO-OPERATIVE EXCHANGE and another, Appellants.

*September 13—October 9, 1928.*

64

The cause was submitted for the appellants on the brief of *Schoetz, Williams & Gandrey* of Milwaukee, and for the respondent on that of *Bradford & Bradford* of Appleton.

ESCHWEILER, J.   A truck belonging to the defendant Co-operative Exchange was parked at the north curb near the center of a block on Pacific street in Appleton, Wisconsin, at about 8 p. m.   Planks extended several feet to the rear from the body of the truck.   There were no lights or other signals given of its presence.   The night was dark, stormy, and with snow.   The jury found defendant negligent, and no question is raised as to that.   Plaintiff was in her automobile driving west on the north side of the same street with headlights shining and windshield wiper working.   The jury found that plaintiff was not negligent on either of the two grounds submitted, namely, as to rate of speed and lookout.   She testified, however, that she could see a half a block, but that she did not see defendant's truck until she struck the planks because it was snowing; that she did not apply the brakes before the collision; and was driving fifteen to eighteen miles per hour.

The appellants rightly contend that the plaintiff was guilty of contributory negligence as a matter of law inasmuch as she failed to see such a large object as was defendant's truck with its load of planks.

The situation here is one within the rule so recently announced on the same subject in the cases of *Kleist v. Coho-das,* 195 Wis. 637, 219 N. W. 366, and *Knapp v. Somerville,* 196 Wis. 54, 219 N. W. 369, and the decisions mentioned in the first of those cases.   This same doctrine has since then been upheld in *Roth v. Blomquist* (Neb.) 220 N. W. 572.

The plaintiff's own negligence was such that it must therefore be held to defeat her right to recover any damages arising from defendants' negligence.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.