## TEXAS & P. RY. CO. v. MEEK.
### No. 11462.

Court of Civil Appeals of Texas. Dallas.
May 19, 1934.

Rehearing Denied June 16, 1934.

T. D. Gresham and R'. S. Shapard, both of Dallas, and Head, Dillard, Maxey-Freeman & McReynolds, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellee.

BOND, Justice.

Appellee, W. T. Meek, sued appellant, Texas & Pacific Railway Company, in a district court of Grayson county, to recover damages for personal injuries alleged to have been sustained by him while in the employment of appellant as a track repairer or section hand.

Appellee's petition presents sufficient averments showing his employment, the nature of his work, the extent of his injuries, and the negligence of appellant in furnishing him with a defective tool, and for not furnishing him with a reasonably safe place to work, and that such negligence was the proximate cause of his injuries. It is unnecessary in this opinion to set out in detail the averments of the petition, as no question is raised on appeal as to the pleadings being sufficient to predicate the findings of the jury.

The case was tried on special issues, and a jury determined that appellant was guilty of negligence in failing to furnish appellee with a reasonably safe place to work; that such negligence was the proximate cause of his injuries; and that $3,500 was the fair and reasonable compensation for the injuries sustained. There were no issues submitted as to negligence of appellant in furnishing a defective tool, and the correlating issue of proximate cause. It is conceded in appellee's brief that this issue is not involved on this appeal.

At the conclusion of the testimony, appellant filed motion for an instructed verdict, and the contention is presented here, as it was in appellant's motion for judgment non obstante veredicto, that the jury's affirmative answers, showing the negligence and the proximate cause, were against the weight of the evidence, and that there is no evidence showing actionable negligence to support the findings of the jury.

The assignment calls for a consideration of all the testimony bearing on the question, and to make such issue a question of law it may be stated that the testimony not only must be uncontradicted, but must be so conclusive that reasonable minds cannot differ

as to its effect. On this issue, appellee offered one witness, appellee himself, and gave testimony as follows: That he had been employed as a section laborer by railroad companies for about fifteen years, and by the defendant company at various times for about ten years, and, at the time of his injuries, he was then working for the defendant; that he was ordered by its foreman to put new bolts in the rails at the intersection of the Texas & Pacific and the Houston & Texas Central Railroad tracks, and to do that he was given a wrench with a pipe attached, so as to enable him to stand erect in taking the nuts off; that at this intersection he had been working with the wrench, taking the old nuts off and putting new ones on, for about a day and half before the accident; that he did not look at the wrench while working with it, and did not know its defective condition until after the injuries, and that if he had looked he could have easily seen that the wrench was battered on the inside, and worn a little, which defects could have been detected by a casual inspection. He knew the result which would likely happen, as did happen on this occasion, by using a wrench in that condition.

He further testified that, as he was taking a nut off, so that he could knock a bolt out and replace it with a new one, he applied force to the wrench, it slipped on the nut, causing him to step backward, and, as he did, the dirt between the ties within the intersection caved in under his foot, causing it to sink down about three or four inches, and him to fall on his back across the rails; that the surface of the ground where his foot sank down appeared in good condition; that it was leveled and crusted over, but beneath the crust the dirt was soft and a little hole caved in under his foot; that there was rock further down in the hole, and gravel or pebbles were once in there, to permit drainage from the intersection, and in which water stood; that the ground appeared solid, and he did not know there was a hole under the crust, and that it could not be detected by standing there and looking at it.

■■ We think it manifest from the testimony appellee gave, that the railway company did not owe him the duty of inspection, or reasonable care, in furnishing him a safe and suitable place to work, in the performance of duties required of him as a section hand, when the safety and condition of the thing itself which caused his injuries comes clearly within the scope of his employment. It is no answer that, at the time of his injuries, he was not performing the duty of repairing the roadbed. The repair of the roadbed, the ties, and the rails at the place of the accident were within the purview of his employment, and he assumed the risk incident to the performance of these duties. We think it could hardly be expected that a section hand could perform all his concomitant duties coming within the scope of his employment at one and the same time; sometimes his duty is to repair the roadbed, sometimes to replace ties and rails, and sometimes to tighten and replace bolts and drive spikes. Suppose, in line with his employment, a section hand had been ordered to work on the roadbed and the unsafe condition of the rails or track caused him an injury, could it be said that the master owed him the duty to inspect and keep in safe condition the rails or track, so as to furnish him a safe place to work on the roadbed; or, suppose he was performing the duty of taking out ties or rails and replacing them with new ones, could it be said that the unsafe condition of the roadbed contributing to his injury is actionable negligence? We think not. The duties of a section hand on a railway vary. It is his duty to keep in a reasonably safe condition the rails, the ties, and the roadbed within the section of his employment, and if, at the time of his injuries, he is performing a part of his employment, he necessarily assumes the risk incident to the concomitant duties required of him; thus, in repairing the rails at the time and place of his injuries, appellee assumed the risk incident to all other duties within the scope of his employment.

■ The general rule that it is the duty of the master to exercise ordinary care to furnish his servants with a reasonably safe place within which to perform his work, and to exercise a like degree of care to maintain the same in a reasonably safe condition, has no application to that character of employment under the circumstances as in this case. Magnolia Petroleum Co. v. Ray (Tex. Civ. App.) 187 S. W. 1085. See, also, the case of Texas & Pacific Ry. Co. v. Tuck, 103 Tex. 72, 123 S. W. 406, 408, in which our Supreme Court holds that: "The care required (in cases of this kind) does not depend upon the grade of employment, but upon the character of the place and of service to be performed." In that case, the service to be performed by the section hand, at the time of his injuries, was special work, and off of his division. Thus, the section hand did not assume the risk incident to the condition of the place of his injury, and that the master was guilty of negligence in not furnishing a reasonably safe

place for him to perform his work. This case is only related to the contention here, as emphasizing the applicability of the general rule to the duties of section hands, when working off the section of the railroad of their usual employment.

Aside from this, the injuries complained of were evidently caused by a latent defect in the roadbed. If appellee had alleged in his petition that the construction of the roadbed was so defective that it was dangerous, and created a pitfall, not discernible on inspection, and that the injuries received by appellee were caused by such defect, or negligence, in construction, appellant, upon proof sustaining such averment, might be held liable; but such is not the case here. There is no allegation that the defect in the roadbed was in its construction, and the testimony conclusively shows that appellee worked about the intersection for a day and a half and nothing appeared to indicate to him an unsafe and dangerous condition. Thus, it might well be assumed, if appellee did not and could not have discovered it, no other agent or servant of the railroad company could have done so, and, there being no further testimony raising the issue of negligence on the part of appellant in not discovering it, the judgment finds no support in the pleadings and evidence. Carlisle v. City of Waco (Tex. Civ. App.) 56 S.W.(2d) 208.

We are of the opinion that the case is fully developed and that the judgment of the lower court should be reversed and here rendered for appellant, and it is so ordered.

Reversed and rendered.