Harold J. Crawford, J.
The plaintiffs, in an action to recover damages for personal injuries and loss1 of services, respectively, move for summary judgment on the issue of liability and there *67 upon to advance this action now on the jury calendar for an immediate assessment of damages.
According to the affidavit of Alice Kohler, she was standing on the sidewalk at a bus stop located on the northeast corner of Fifth Avenue and 48th Street, in the Borough of Manhattan, City and State of New York, on March 24, 1958, at or about 4:20 p.m., approximately three feet away from the easterly curb of Fifth Avenue, when the bus of the corporate defendant, operated by the individual defendant, mounted the sidewalk and knocked her down. The motion is made on the affidavits of the injured plaintiff and her attorney, a photostatic copy of the MV 104 form of accident report to the Motor Vehicle Bureau, signed by the individual defendant, a photostatic copy of the New York City Police Department report of the accident, a photograph of the scene of the accident shortly after its occurrence, and a transcript of the testimony of the police officer who came upon the scene of the accident, shortly after it happened, and issued a summons to the individual defendant charging him with driving on the sidewalk, and who testified at the hearing in the Magistrate’s Court following which the defendant was discharged.
The affidavit in opposition is made solely by an attorney associated with the office of the attorney of record for the defendants. His sole ground for opposition to this motion is that the affidavit of the plaintiff Alice Kohler is completely devoid of any factual statement as to the cause of the accident and that she relies merely upon the fact that she was standing on the sidewalk when hit by a bus. Said attorney urges that since the plaintiffs have not established their case by a factual presentation, it is unnecessary for the defendants to submit a factual rebuttal by a party having knowledge of the facts.
It is indeed true that plaintiffs seeking summary judgment must in the first instance set forth such evidentiary facts as shall establish their cause of action sufficiently to entitle them to judgment and, absent such a showing, the motion must fail, notwithstanding that the opposing affidavits are likewise insufficient since ‘ ‘ the deficiency in the affidavits on both sides cuts against the plaintiff rather than the defendant.” (O’ConnorSullivan, Inc. v. Otto, 283 App. Div. 269, 272.)
Here, however, no one disputes the sworn statement of the plaintiff Alice Kohler that she was struck down by the defendant’s bus while she was on the sidewalk. Such testimony adduced on a trial by a plaintiff in a negligence action, where unexplained and uncontradicted, has been held to establish the negligence of the driver and plaintiff’s freedom from con *68 tributory negligence. (Locicero v. Messina, 239 App. Div. 635.) It is no less efficacious when set forth in an uncontradicted supporting affidavit upon a motion for summary judgment which recently has been referred to as “ the procedural equivalent of a trial.” (Falk v. Goodman, 7 N Y 2d 87, 91.)
Moreover, the plaintiffs’ version of the accident is supported by the testimony of a police officer in the Magistrate’s Court. While he arrived at the scene after the occurrence of the accident, he testified that the right front wheel of the bus in question was “ on the east sidewalk at the bus stop. Scuff and tire marks indicated that the bus had mounted the curb and proceeded a distance of some ten feet and came to a rest approximately three feet from the east curb. ’ ’
It has recently been held that one of the recognized purposes of summary judgment is to expedite the disposition of civil eases when no issue of material fact is presented to justify a trial. ‘ ‘ While the courts are cautioned to exercise the power to summarily direct judgment with full recognition that a party with a just claim or a valid defense is entitled to his day in court, timidity in exercising the power in favor of a legitimate claim and against an •unmerited one, not alone defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to prompt determination of their litigation. ’ ’ (Di Sabato v. Soffes, 9 AD 2d 297, 299.)
Accordingly, the plaintiffs’ motion is granted. Bald, conelusory assertions made in opposition to a motion for summary judgment are not enough to defeat it. As was observed by Judge Desmond, in his dissent in Falk v. Goodman (7 N Y 2d 87, 92, supra) 4 ‘ It is still the rule that, to defeat summary judgment, a pleader must show evidentiary facts, not suspicions or wild surmise. (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56.) ” Submit order.