Murray T. Feideu, J.
Plaintiff moves for summary judgment. It appears from the moving papers that on November 2, 1958, at about 3:30 a.m., the two plaintiffs were standing on the northerly sidewalk of 65th Street, approximately 40 feet west of Fourth Avenue, Brooklyn, New York, when defendant’s automobile, proceeding north on Fourth Avenue, swerved to the left at 65th Street, travelled diagonally across this wide intersection and mounted the sidewalk at the northwest corner. The vehicle then struck the wall of a gasoline station at that corner, careened off the said wall and continued on the sidewalk, striking the plaintiffs Carol O’Brien and William D. O’Brien; it then continued on the sidewalk, colliding with the sidewalk side of an automobile parked alongside the curb, whereupon defendant’s vehicle continued in motion on the pavement and left the scene of the accident without stopping. Plaintiff Carol O’Brien was taken by ambulance to the Norwegian Hospital and was thence transferred to the Kings County Hospital.
The papers disclose that the defendant appeared at a police station on November 4, 1958, 30 hours after the accident, to make a report of the occurrence and that he then professedly learned, for the first time, as he states, that a pedestrian had been struck.
Where, as in this case, plaintiffs are struck by an automobile that mounts the sidewalk, there is a presumption of negligence on the part of the driver and freedom from contributory negligence on the part of plaintiff (Locicero v. Messina, 239 App. Div. 635; Berman v. Entwistle, 195 N. Y. S. 2d 494; Reichert v. *1010 Walker, 195 N. Y. S. 2d 492; Green v. Baltuch, 191 N. Y. S. 70; Oppenheimer v. American Ry. Exp. Co., 181 N. Y. S. 195; Kohler v. Fifth Ave. Coach Lines, 23 Misc 2d 66). The defendant is then called upon to submit his proof to rebut this presumption. Defendant’s explanation of the accident is that he was traveling at a reasonable rate of speed northerly on Fourth Avenue; that when he approached the intersection the traffic light changed to red; that he immediately applied his brakes when ‘ ‘ suddenly and without any warning ’ ’ his car swerved to the left ‘ ‘ upon the application of the brakes, ’ ’ struck and mounted the curb at the northwest corner.
The court will take judicial notice that Fourth Avenue is wide at that intersection. (Hausman v. Jacobs, 120 Misc. 61; 31 C. J. S. 693.)
It appears, therefore, that defendant not only crossed the width of this broad thoroughfare but also traversed the width of 65th Street before the curb Avas struck. He maintains that when the wheels of his vehicle struck the curb the steering wheel was wrenched out of his hand. There is no attempt to deny that after he followed the path indicated by the plaintiffs he left the scene of the accident.
Even if it be assumed that the car swerved, no satisfactory explanation is offered by defendant as to why there was such deprivation of control as was manifest from the appreciable distance his vehicle travelled over the' intersecting area to the point where it struck and mounted the curb.
Defendant’s only explanation — if it be deemed such — is that when he applied his brakes upon approaching the intersection his vehicle ‘1 swerved ’ ’ to the left. No claim was asserted by the defendant that the brakes, upon such application, did not hold; or that there was a mechanical defect which caused the vehicle to react as it did; nor does defendant contend that he was without previous notice of whateA^er condition he seeks to assign in explanation of the car’s movements. There is no indication as to when the car was last inspected preceding the occurrence herein or that it was examined thereafter in an effort to ascertain the existence of any exculpatory cause.
There is no denial that the plaintiffs, pedestrians upon a sidewalk, were struck by defendant’s vehicle nor, indeed, is there any assertion by defendant of lack of knowledge of plaintiffs’ claim which assertion, if properly projected, might entitle defendant to defend and, hence, prompt the denial of this motion.
The complaint, implemented by the bill of particulars, describes serious injury to the plaintiff Carol O’ Brien and *1011 injury of lesser degree to the plaintiff, William 0 ’Brien. There is nothing in the opposing papers which challenges such claims of injury. In the intervening two years since the action was initiated the defendant, if so disposed, could have conducted a physical examination of the plaintiffs to ascertain the existence and extent of injury and could have taken other steps to develop facts, were that possible, showing the existence of an issue warranting trial.
‘ ‘ A defendant is not privileged on a motion for summary judgment to ignore the rule that he must submit proof of a defense, for there must be compliance with the requirements enunciated in General Investment v. Interborough R. T. Co. and Dwan v. Massarene, both quoted hereinabove. (See, also, Hanna v. Mitchell, 202 App. Div. 504, 514; Graymount v. Schlemmer, 283 App. Div. 859; Gnozzo v. Marine Trust Co., 258 App. Div. 298; Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, supra; Shientag, Summary Judgment, ch. 12.)
“It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial. (Dodwell & Co. v. Silverman, 234 App. Div. 362) ”. (Di Sabato v. Soffes, 9 A D 2d 297, 301.)
The foregoing strictures are of familiar acceptance. The defendant has failed to observe the requirements imposed upon one who resists summary judgment. What the defendant has essayed to outline in his opposing affidavit is the product of indulgence in speculation and surmise as to the underlying cause of the swerve and loss of control of his vehicle. (Alingi v. Beuter, 286 App. Div. 990, 991.)
One of the recognized purposes of summary judgment is to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial. While the courts exercise the power summarily to direct judgment with recognition that a party with a just claim or defense is entitled to his day in court, “ timidity in exercising the power in favor of a legitimate claim and against an unmerited one, not alone defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to others their rights to prompt determination of their litigation.” (Di Sabato v. Soffes, supra, p. 299; Carratee v. Nichols, 198 N. Y. S. 2d 131.)
As was said by Cardozo, J., in Richard v. Credit Suisse (242 N. Y. 346, 350): “ The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.”
*1012 On a motion such as this, we are called upon to determine whether there is a bona fide issue. ‘ ‘ A shadowy semblance of an issue ” will not suffice. (Hanrog Distr. Corp. v. Hanoiti, 10 Misc 2d 659, 660, supra; Rubin v. Irving Trust Co., 305 N. Y. 288, 306.) If plaintiffs’ pleadings and other papers disclose no defense and if defendant fails to controvert the proof offered and to establish a genuine defense, this court is compelled to find that no triable issue exists and to grant judgment accordingly. (Rules Civ. Prac., rule 113; General Investment Co. v. Interborough R. T. Co.; 235 N. Y. 133, 142-143, supra; Di Sabato v. Soffes, 9 A D 2d 297, supra; Richard Equip. Corp. v. Manhattan Ind. Contr. Co., 9 A D 2d 691.)
On all the papers submitted on this application the motion is granted.