Benjamin Brenner, J.
Motion for summary judgment for personal injuries sustained by the plaintiff wife while a passenger in defendant’s bus. She claims to have been struck on the head by a vertical pole which fell within the bus.
The defendant’s operator, in his affidavit, assorts that he saw the pole falling away from its fixed place but that he did not see it hit anyone; that the pole fell in a direction which was *318 away from where the woman who later attracted his attention (apparently the plaintiff) was sitting. Though there is a police report of the accident in which the names and addresses of witnesses are stated, neither the plaintiffs nor the defendant offer any outside evidence to establish or disprove that plaintiff was so struck, though the defendant, whose driver spoke with the witnesses, could conceivably supply evidence that plaintiff was unharmed.
Of course; if the defendant submits proof, no matter how slight, to overcome the inference of negligence arising from what appears to be a cause resting on the doctrine of res ipso loquitur, then plaintiff is not entitled to summary judgment. No such proof, particularly none relating to the exercise of care, has here been submitted and the defendant relies solely on its driver’s bald statement that he saw the pole falling away from where plaintiff was seated and it is upon this showing alone that, presumably on the principle established in George Foltis, Inc. v. City of New York (287 N. Y. 108) it claims to have produced some evidence to meet plaintiff’s prima facie case of negligence which, as indicated, is based on the inference thereof arising from the fact of the falling pole.
Even if the opposing papers are insufficient, a motion for summary judgment must be denied if the facts set out in the moving papers are likewise insufficient (O’Connor-Sullivan v. Otto, 283 App. Div. 269). And, it is only when the moving papers are themselves sufficient that the opposing party has the burden to controvert. (Conforte v. Elias, N. Y. L. J., Feb. 19, 1959, p. 14, col. 7; Kohler v. Fifth Ave. Coach Lines, 23 Misc 2d 66.)
Plaintiffs have left much to be desired with respect to the sufficiency of their moving papers. It is not clear whether any of the blotter witnesses are available to them to supply affidavits which would corroborate the facts asserted. Nor have they examined the defendant before trial to help supply corroboration. Until such time as the court is satisfied that the falling pole did, indeed, strike the plaintiff, summary judgment cannot be granted despite the absence of any proof by the defendant to overcome the inference of negligence here established. Motion denied, without prejudice to renewal.