Ellis J. Staley, Jr., J.
This is a motion by the plaintiffs in a negligence action for summary judgment in accordance with the provisions of subdivision 2 of rule 113 of the Buies of Civil Practice.
The [infant] plaintiff was a passenger in an automobile operated by Edward Stuart Tucker as it was proceeding south on Boute No. 208 in Ulster County on the 7th day of November, 1959. As the automobile approached the intersection of Boute No. 208 and Boute No. 17K, the operator stopped the automobile for the traffic signal at the intersection, which traffic signal was red. While in a stopped position for a period of 15 seconds the automobile was struck in the rear by the front end of the defendant’s car.
The plaintiff has submitted her affidavit in support of the motion describing the manner in which the accident occurred and also the examination before trial of her testimony and the testimony of the operator, Edward Tucker, which examination was held on September 7, 1960. The opposing affidavit of the defendant confirms the manner in which the accident occurred as stated by the plaintiff and he further states that he could see the traffic signal light for a distance of about 400 feet to 500 feet as he approached the intersection; that when he saw the light it was red for traffic proceeding south on Boute No. 208 in which direction he was going and that at least two vehicles proceeding in the same direction before him were stopped for the light. He states that when he was about 100 feet from the rear of the vehicle, he applied his brakes lightly in order to stop and began to slide and continued until he slid into the rear of the vehicle ahead of him. He states that it had been raining prior to the accident and that the roads were wet. There is no further explanation given by him for the occurrence of the *740 accident and no defense other than the statement of his attorney that skidding or sliding, in and of itself, is not negligence, and whether this sliding was caused by the negligence of the defendant or whether it was an unavoidable and unforeseeable event under the circumstances is, therefore, a question which must be decided by a jury.
In this action there does not appear to be any dispute as to how the accident happened and it seems obvious that the conduct of the defendant, as explained by him, constitutes negligence in the absence of any further explanation by him of any contributing factors that might establish for him a defense and excuse him from liability for the accident.
Generally speaking, when a driver of an automobile approaches another automobile from the rear, he is bound to use reasonable care to avoid colliding with it and, if he does collide with it without any further excuses, he is presumed to be guilty of negligence. (6 Warren, Negligence, § 388, par. 6, subd. [g], p. 61; Sniffen v. Huschle, 121 Misc. 58; Greenberg v. Robertson-Stelling Corp., 127 Misc. 427.)
It has been held that, where the defendant has made no attempt in his opposing affidavit to come forward with facts to rebut the inference of negligence clearly established by the moving papers, the plaintiffs should be entitled to summary judgment (Stanley v. Burnside, 20 Misc 2d 932; O’Brien v. Purpura, 25 Misc 2d 1009).
In this action the defendant has failed to controvert the proof offered and to establish a genuine defense and to meet the requirements imposed upon one who resists summary judgment.
It is my opinion that the plaintiffs here have met the test of “no defense” as stated in Cooper v. Greyhound Bus Corp. (13 A D 2d 173). It is, therefore, determined that no triable issue exists in this action and an order for summary judgment may be entered accordingly, with costs, and the cause set down for an assessment of damages.