**William J. ERCK, Appellant,**

v.

**George ZELIOS, Appellee.**

**No. 16667.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 25, 1966.

Malone, Seay & Gwinn, Robert A. Gwinn, Dallas, for appellant.

Gibbs, Hooks & Wyrick, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit for damages for injuries to person and property arising out of a rear end automobile collision. An automobile owned and being operated by appellant William J. Erck crashed into the rear of an automobile owned by appellee George Zelios and being operated by Mrs. Zelios. The Zelios car at the time of the collision was at a standstill in a line of vehicles waiting at an intersection for a traffic control light to change from red to green.

The case was tried to a jury. No issues were requested or submitted as to contributory negligence of appellee's wife. The jury found that the collision was not the result of an unavoidable accident and that the wet street was not the sole proximate cause of the collision. However, the jury found in favor of appellant Erck in answering issues inquiring as to his alleged failure to keep a proper lookout, his excessive speed, and his driving his car too closely behind the Zelios car. The jury did find that appellant Erck failed to make timely application of his brakes, but that such failure was not negligence. In this connection the issue of proximate cause, being conditionally submitted, was not answered.

Appellant filed a motion for judgment on the verdict, which motion was overruled. Appellee filed a motion asking that the court disregard the jury's negative answers to issues inquiring as to appellant's alleged negligent acts and the jury's failure to answer issues as to proximate cause in connection therewith. Of course appellee did not attack the finding that appellant failed to make a timely application of his brakes. In the alternative appellee asked that the negative findings on any one act of negligence and proximate cause conditionally submitted be disregarded. Appellee's motion was sustained.

The jury's answers to the damage issues are not attacked by either appellant or appellee.

Judgment was accordingly entered for appellee for $350 property damage to his automobile and $2,449 for his wife's physical pain, mental suffering, and doctor, medical and drug bills as found by the jury. Thus we are presented with the question whether the court was correct in holding that appellant Erck as a matter of law was guilty of negligence which proximately caused the collision.

## FACTS

The material facts are undisputed. The collision occurred at about 7:45 o'clock on the morning of May 7, 1964 on Buckner Boulevard close to its intersection with Mercer Street.

It is the testimony of appellant himself which makes the evidence conclusive on the question of negligence and proximate cause as a matter of law. He testified that the weather was "miserable"—it was misty, a light rain was falling and the street was slick. His tires were not the best. They had about 20,000 miles of travel on them. Appellant, a sales manager, was on his way to East Texas on a business trip. He turned left from Northwest Highway onto Buckner Boulevard. The latter is a four-lane highway having two lanes for northbound traffic and two lanes for southbound traffic with a dividing line in the center. The Zelios car was the next vehicle ahead of appellant. The two vehicles were traveling in the same direction in the same lane. Traffic was very heavy, both forward lanes being crowded. Appellant's car followed the Zelios car for about five miles. Due to the heavy traffic it had been necessary for the two vehicles to stop twenty or thirty times.

Not far from the intersection of Buckner Boulevard and Mercer Street there is an underpass through which traffic flows beneath a railroad trestle. Mrs. Zelios had proceeded into the underpass, had passed the lowest point and had come to a stop on the uphill side. It was necessary for her to stop because the vehicles ahead of her in both lanes had stopped to await the change of the intersection traffic light from red to green. Appellant failed to stop his car in time to avoid crashing into the rear of the Zelios car. When appellant did finally apply his brakes his car skidded into the Zelios car, though the highway at that point is slanted uphill.

We quote from appellant's testimony:

"Q. *Did you have trouble stopping at the time that you hit her car?*

"A. *Yes, sir. I was experiencing difficulty. I had not observed soon enough that her car had again stopped and there was just enough delay there on my part in observing this that by the time I realized that I would also have to stop again my reaction was to brake, and when I did it locked the wheels and then a skid set in.*" (Emphasis ours.)

\* \* \* \* \* \*

"Q. *You didn't actually see her at the moment that she first applied her brakes?*

"A. *No, sir.*" (Emphasis ours.)

\* \* \* \* \* \*

"Q. *How fast were you going when you applied your brakes?*

"A. *I would estimate that I was in the neighborhood of twenty miles an hour.*" (Emphasis ours.)

\* \* \* \* \* \*

"Q. *So, you were going ten miles an hour when you hit her car?*

"A. *I would estimate ten to twelve miles an hour.*" (Emphasis ours.)

\* \* \* \* \* \*

"Q. Were you late getting off on your trip that morning?

"A. By the time I got out of town, yes, sir, I was late.

"Q. I mean, before the accident happened.

"A. Yes, sir. I was probably running behind a little bit."

\* \* \* \* \* \*

"Q. *Was her car at a full stop when you hit her?*

"A. *Yes, sir.*

"Q. *Had it been actually stopped there in the traffic lane for a few seconds before you did hit her?*

"A. *Yes, sir.*" (Emphasis ours.)

\* \* \* \* \* \*

"Q. At the time that you first noticed that Mrs. Zelios had stopped, or was stopping, how fast were you going?

"A. I am estimating around twenty miles an hour.

"Q. And about how far do you estimate you were behind Mrs. Zelios' car when you first noticed that she was stopping, or had stopped?

"A. Three or four car lengths."

\* \* \* \* \* \*

"Q. I am asking you, did you see her car when she first applied her brakes and when she first started making her stop?

"A. I am not sure. I don't think that I did."

\* \* \* \* \* \*

"A. You want a definite yes or no. Is this correct? This is what I can't give you.

"Q. Well, if you don't know, you just don't know.

"A. I don't know. I don't think that I did observe this when she first braked. No, sir."

\* \* \* \* \* \*

"Q. Mr. Erck, why did you not observe her stop or start from the start to the finish? Where were you looking?

"A. I don't know the answer to that question.

"Q. You weren't looking at her car, were you?

"A. I could well have been. Maybe looking just beyond it, or looking down the two lanes. I don't know."

\* \* \* \* \* \*

"Q. *Well, were you that close behind her that you couldn't stop? Were you following her that closely?*

"A. *Well, I think it is pretty obvious that there should have been more distance. I should have observed something sooner.* The fact is, that she was hit by me. I was not able to stop completely, so I guess the answer to your question is that there are probably several things that could have been done to have prevented this accident. Yes, sir.

"Q. Mr. Erck, you have travelled this roadway before, have you not?

"A. It is not a frequent part of my route. I have been across the highway many times over the years, but it had been maybe six months to a year since I had been down this road." (Emphasis ours.)

W. D. Vickers, eighteen years with the Texas Department of Public Safety, with a background of special training and experience in traffic matters, was a witness. He testified in effect that if appellant's car was following the Zelios car within a distance of three or four car lengths at a speed of twenty miles per hour on a slick street he could not possibly have stopped his vehicle in time to avoid the collision. His statement includes figures in regard to feet per second a car travels at twenty miles per hour, the reaction time necessary to move a driver's foot from the acceleration pedal to the brake pedal to apply pressure to stop an automobile such as appellant was driving, and other factors which furnish the basis for his opinion. While his testimony is certainly not conclusive it at least has

the effect of corroborating appellant's admissions, though such corroboration was not necessary.

## OPINION

In three points on appeal appellant asserts in substance that the court erred in ruling that appellant was guilty of negligence and proximate cause as a matter of law, since there was sufficient evidence to support the jury's findings of no negligence and proximate cause. We are of the opinion that the court correctly ruled that appellant was guilty of negligence which was a proximate cause as a matter of law.

■ The rule in this State is as follows:

"In rare cases, to which we think this one belongs, where the evidence is without material dispute and where only one reasonable inference may be drawn therefrom, the question of negligence becomes one of law." Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522, 528.

In analyzing the situation presented by this record it should be borne in mind that appellant did not request that issues be submitted and there are no jury findings in regard to contributory negligence. That is easily understood, for there is not a shred of evidence that Mrs. Zelios was guilty of any act of contributory negligence and no one says that she was. Contributory negligence is not a factor in this case.

It should also be borne in mind that appellant does not attack the jury's finding that the collision was not the result of an unavoidable accident and that the wet highway was not the sole proximate cause of the collision.

Further, appellant does not attack the jury's finding that appellant "failed to make timely application of his brakes."

■ ·In view of the undisputed evidence and the only reasonable inferences to be drawn therefrom we hold that appellant's failure to make timely application of his brakes was negligence and proximate cause as a matter of law.

The above holding alone supports the trial court's judgment. But we further hold that appellant was guilty of negligence and proximate cause in regard to failure to keep a proper lookout and in regard to his driving his car too closely behind the Zelios car.

Sec. 61(a) of Art. 6701d, Vernon's Ann. Civ. Statutes is as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

In Sutherland v. Cotter, 226 S.W.2d 476, the San Antonio Court of Civil Appeals speaking through Justice Norvell, now a member of our Supreme Court, held that under the undisputed evidence the driver of a following truck was guilty of negligence which was a proximate cause as a matter of law in driving too closely to the car in front of him. In the opinion it was pointed out that though the statute had not yet gone into effect at the time of the collision, it merely enacted into statutory form a rule of tort law that had been recognized in Texas for many years. See also Meinen ref. n. r. e.; McCormick v. Stowe Lbr. Co., v. Mercer, 390 S.W.2d 36 (Tex.Civ.App.), 356 S.W.2d 450 (Tex.Civ.App.), no writ hist.; Denham v. Smith, 258 S.W.2d 419 (Tex.Civ.App.), no writ hist.; Hoey v. Solt, Tex.Civ.App., 236 S.W.2d 244, no writ hist.

In Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522 our Supreme Court held that a pedestrian was guilty of negligence as a matter of law and his widow was denied recovery because of his contributory negligence. Other cases so holding are: Texas & P. Ry. Co. v. Meek, 72 S.W.2d 616 (Tex.Civ.App.), writ ref.; Gulf, C. & S. F. Ry. Co. v. Gaddis, 208 S.W. 895 (Tex.Comm. of App., opinion

adopted); Beaty v. Missouri, K. & T. Ry. Co. of Texas, 175 S.W. 450 (Tex.Civ.App.) (aff. 108 Tex. 82, 185 S.W. 298); Sanchez v. San Antonio & A. P. Ry. Co., 27 S.W. 922 (Tex.Civ.App.), aff. 88 Tex. 117, 30 S.W. 431.

In Lovell v. Stanford, 378 S.W.2d 399 (Tex.Civ.App.), it was held that both defendants in a three-way rear end automobile collision were guilty of negligence and proximate cause as a matter of law. Our Supreme Court reversed the judgment of the Court of Civil Appeals, Lovell v. Stanford, 386 S.W.2d 755. But the facts in that case are easily distinguished from the facts in this case. There was evidence in the Lovell case that car No. 2 first collided very lightly if at all with car No. 1. There was also evidence that car No. 3 struck the rear of car No. 2 causing car No. 2 to collide with car No. 1 a second time—this time violently, although there was evidence to the contrary. The Supreme Court pointed out that material fact issues were presented as to whether the driver of car No. 2 or car No. 3 was guilty of negligence proximately causing plaintiff's damage. No such fact issues, or any others as we view the situation, are present in this case.

In the following rear end collision cases arising in other jurisdictions the driver of the rear vehicle was held to have been guilty of negligence and proximate cause as a matter of law: Miller v. Cody, 41 Wash.2d 775, 252 P.2d 303; McIntosh v. City of Miami, 161 So.2d 891 (Fla.App.); Lehr v. Gresham Berry Growers, 231 Or. 202, 372 P.2d 488; Smith v. Bunting, 30 Misc.2d 739, 221 N.Y.S.2d 898 (N.Y.); Ceeder v. Kowach, 17 Ill.App.2d 202, 149 N.E.2d 766; Wilson v. Sorge, 256 Minn. 125, 97 N.W.2d 477; Edlund et al. v. Los Angeles Ry. et al., 14 Cal.App.2d 673, 58 P.2d 928; Forster v. Outagamie Equity Co-Op. Exchange, 197 Wis. 63, 221 N.W. 376; Fraser v. Hunter, 42 Ga.App. 329, 156 S.E. 268; Notarianni v. Ross, 384 Pa. 63, 119 A.2d 792; Reid v. Southern Ry. Co., 52 Ga.App. 508, 183 S.E. 849. Negligence as a matter of law was also found in these cases not involving rear end collisions: Wineman v. Carter, 212 Minn. 298, 4 N.W.2d 83; Western Union Tel. Co. v. Catlett, 4 Cir., 177 F. 71 (N.C.); Nocar v. Greenberg, 210 Md. 506, 124 A.2d 757; Dowler v. Kurn et al., 119 S.W.2d 852 (Mo.App.).

Appellant's three points on appeal are overruled. The judgment of the trial court is affirmed.

Affirmed.