St. Louis & San Francisco Railway Company v. R. L. May.

Decided January 14, 1909.

**1.—Evidence—Opinion—Reasonable Time.**

In an action for damages by delay of cattle in transportation, witnesses should not be allowed to testify what would be a reasonable time, or a reasonable time in the exercise of ordinary care by the carrier, for the transportation.

**2.—Weights of Cattle—Secondary Evidence.**

A witness who weighed cattle, noting weights which he knew to be correct on "scale tickets" of which he preserved a carbon copy, may testify to such weights, attaching a copy of the scale tickets to his deposition; the production of the originals, they being beyond the jurisdiction of the court was not necessary.

**3.—Written Document—Introduction of Part—Claim for Damage.**

Defendant having introduced a part of the written claim for damages submitted by plaintiff before suit, to show that the amount was materially less than that sued for, defendant was entitled to introduce the remainder of the document only so far as any part thereof bore on or qualified the inference sought to be drawn from that introduced.

**4.—Evidence—Market Reports.**

Reports of isolated sales of articles, not shown to be of the same kind and quality as those of which the market price is in issue, are inadmissible to establish that price, but admissible only to show, if that fact is contested, the existence of a market.

**5.—Same—Decline.**

Evidence of decline in the market price is inadmissible where the articles in question could not have reached market in time for the higher price.

**6.—Unloading Cattle in Transit.**

The proper time for resting and feeding cattle unloaded therefor in transit by rail is not limited to the five hours required by the Statute of the United States (Compiled Stats., U. S., 1907, Supplement, p. 918) but depends on the circumstances.

Appeal from the County Court of Grayson County. Tried below before Hon. J. W. Hassell.

C. H. *Yoakum* and *Head, Dillard & Head,* for appellants.

*Wolfe, Hare & Maxey,* for appellees.

HODGES, ASSOCIATE JUSTICE.—This is an action instituted by the appellee against the appellant to recover damages for an alleged unreasonable delay in the shipment of four carloads of cattle from Scullin, Indian Territory, to National Stock Yards, Illinois. The cattle left Scullin on the 10th day of July, 1906, and arrived at their destination on the 13th following, in time to be sold in the market of that day. When the shipment arrived at Springfield, Missouri, the stock was unloaded, watered, fed and rested as required by law, causing a delay of about eight hours. It is claimed by the appellee that with proper and reasonable care the shipment could have been carried through to destination within thirty-six hours, and further, that there was no necessity for unloading en route. From a judgment rendered in favor of the appellee for the sum of $300 this appeal is prosecuted. The principal issue appears to be whether the transportation was made within a reasonable time.

In the trial below the plaintiff and several of his witnesses were permitted to testify over the objection of the defendant what, in their opinion, was a reasonable time within which such a shipment should have been made from Scullin to the National Stock Yards. Some of them were permitted to state what would be a reasonable time in the exercise of ordinary care on the part of the carrier. This testimony should have been excluded upon objection. It was permitting the witness to invade the province of the jury. Houston & T. C. Ry. Co. v. Roberts, 101 Texas, 418.

There was no error in admitting the testimony of the witness Cod-

dington, who weighed the cattle at their destination and made out the scale tickets. His testimony shows that at the time of weighing he made a record of the weights, consisting of the "scale ticket," as it was called, and at the same time and by the same process made a carbon copy also. The qualification attached to the bill of exception shows that the witness testified that he did the weighing and knew that the weights testified to were correct; that he had consulted no records except the scale tickets, which he also knew to be correct. He attached copies to his deposition. Objection was made both to his testimony concerning the contents of the scale tickets and to the introduction of the copies which had been attached to the deposition. It clearly appeared from the further testimony of this witness that the original documents, the scale tickets made at the time the cattle were weighed, were beyond the jurisdiction of the court and in the possession of third parties. Under such circumstances it is not required to produce the original document. Missouri, K. & T. Ry. Co. v. Dilworth, 95 Texas, 327; Veck v. Holt, 71 Texas, 715; Bradner on Evidence, p. 241; 2 Wigmore on Evidence, sec. 1213.

In the trial below the appellant offered in evidence the following portion of the appellee's claim for damages as it was originally presented for payment:

"Claim is therefore made for the feed bill at said feeding station and twenty-five pounds per head extra shrinkage and ten cents per hundred weight difference in the market price between the 12th and 13th inst. Copy of account sale, expense bill, and certificates of weights are hereto attached with letter from R. L. May, dated 13th inst.:

| | | | | |
|---|---|---|---|---|
| 23 steers, | 24,275, | at | $3.75 | $ 910.30 |
| 25 steers, | 26,326, | at | 3.60 | 947.70 |
| 45 steers, | 48,205, | at | 3.60 | 1,735.38 |
| 1 steer, | 1,245, | at | 3.60 | 44.82 |
| 4 heifers, | 3,380, | at | 3.35 | 113.23 |
| | | | | $3,751.43 |

| | |
|---|---|
| Amount realized | $3,561.65 |
| Difference | 189.78 |
| Feed bill at Springfield | 12.00 |
| Total claim | $ 201.78." |

The court then permitted the appellee, over the objection of appellant, to introduce and read to the jury the remaining portions of the claim, or the language used in that connection, which is as follows: "For loss sustained by reason of a four car consignment not reaching the National Stock Yards, Illinois, in time to sell on Thursday's market. Said cattle were loaded in ample time to have reached the National Stock Yards for the early market for Thursday, July 12, but due to unnecessary delays by reason of the cattle being stopped at Springfield to be fed and watered, contrary to written instructions,

they did not arrive until 8:50 a. m., July 13, and found a lower market than the preceding day. The hay fed at Springfield was rotten and the cattle did not eat it." The portion of the claim introduced by the appellant was probably material for the purpose of showing that the claim for damages as first presented was more than one hundred dollars less than the amount sued for, and in this manner might tend to discredit the evidence by which the excess was sought to be established. This was the only purpose prejudicial to the appellee for which the evidence could be used. If the remaining portion of the claim contained anything which would tend to explain, or show, why the appellee was in this suit seeking to recover a greater amount of damages than were originally claimed, or why the claim at first was limited to the sum therein specified, it would have been admissible for that purpose. The rule which permits the plaintiff to introduce the entire instrument when the defendant has offered only a part, is based upon the principle that a reading of the entire instrument is essential to a proper understanding of the portion offered, and is justified only when that is the case. 3 Wigmore on Ev., sec. 2094 et seq. The claim here in issue was susceptible of being divided into two parts; one dealing with the cause of the damages, and the other with the extent of the damages claimed. What caused the damages was not necessary to an understanding of the amount claimed in this instance. While a proper observance of the rule may, in some instances, forbid the introduction of the remaining portions of one document, on the other hand it may and does often permit the introduction of not only the remainder of the document from which the excerpt is taken, but others bearing upon the same issue or that may be necessary to a proper understanding of the utterances first introduced. There is no legal reason why the application of this rule should be made use of merely to get before the jury declarations or statements which are otherwise inadmissible and which can serve no useful purpose in the connection in which they are offered. We think the court should have sustained the objections urged. That portion of the claim introduced by the appellee consisted of charges of negligence such as might properly belong to pleadings, and it could throw no light upon why the amount claimed was less than the sum sued for.

Appellee introduced in evidence extracts from the report of the live stock market, as published in a paper called the National Live Stock Reporter. Among these was a list of the sales of the day, including that made of the cattle in question by the appellee, giving the price received in the market. It is not shown how this affected the appellant prejudicially. The appellee had been permitted without objection to testify what his cattle sold for in that market. The proposition upon which the appellant based its objection to this testimony—that the market price could not be shown by specific sale without also showing that the articles sold are of the same kind and quality as those in question—is supported by a number of decisions in this and other States. But we do not think this case presents the same state of facts as those upon which those rulings are made to depend. In this case we have offered in connection with the regular market report the aggregate of the day's sale, and upon which, presumably, that mar-

ket report is based. In that respect it is different from those instances where it is sought to show the market price by one or more isolated sales. We think these specific sales were clearly admissible to prove that articles of the same kind were bought and sold at that place, for the purpose of showing that a market existed. Abbott's Trial Evidence, p. 380. If this fact were not contested we can see no good reason why a report of specific sale should have been admitted, and such evidence should probably have been excluded upon the ground that it was immaterial. The published report shows sales both above and below the price which the appellee testified he received for his cattle. That portion of the report which stated that there had been a decline in prices since the first of the week should have been excluded, inasmuch as the evidence shows that appellee's cattle could not have reached the market sooner than the day before they did arrive.

Upon another trial the court should not limit to five hours only the time which might be deducted for complying with the United States law governing the unloading of cattle for the purpose of resting, watering and feeding them while in transit, but should permit the jury to take into consideration such reasonable time as may be necessary, in addition thereto, in unloading and reloading.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*