SOUTHERN UNDERWRITERS v. ADAMS.

No. 10233.

Court of Civil Appeals of Texas. San Antonio.

Jan. 19, 1938.

Rehearing Denied Feb. 23, 1938.

Battaile, Burr & Holliday, of Houston, for appellant.

Raymond D. Wier, of San Antonio, Magus Smith, Sr., and Magus Smith, Jr., both of Pearsall, and Max H. Wier, of San Antonio, for appellee.

SMITH, Chief Justice.

This is a workmen's compensation case in which Dan Adams recovered judgment against the Southern Underwriters, as the insurance carrier. That company has appealed.

■ In its first and second propositions appellant contends that appellee failed to adduce evidence before the jury that appellant was the insurance carrier in the case. It is conceded that appellee introduced before the court, for jurisdictional purposes only, certified copies of the proceedings in and before the Industrial Accident Board, showing appellant to be the insurance carrier in the case. But those papers were excluded from the jury, upon appellant's objection thereto, and the jury were not permitted to consider them for any purpose. They were introduced, and considered, only for jurisdictional purposes. Nor was there any direct evidence adduced before the jury that appellee was covered by any insurance issued by appellant to the employer. It is too well settled to warrant citation of authority, that judgment cannot be awarded against an insurance company in compensation cases without proof that the company was in fact the carrier of insurance covering the beneficiary of the award.

■ Appellee alleged in his petition that appellant was the insurance carrier in the case, and gave notice to appellant to produce the policy issued by it for that purpose, and that, if appellant failed to produce the same, appellee would offer secondary evidence of the contents thereof. Upon the trial appellee offered as evidence before the jury what he here contends was a photostatic copy of said policy, along with the proceedings before and award of the Industrial Accident Board. Upon appellant's objection, the court refused to admit the proffered group of papers in evidence. Appellee excepted to the ruling, but has not cross-assigned error thereon. We cannot take cognizance of that ruling in the absence of assignment of error addressed thereto. Nor can we take cognizance of the contents of the purported policy, for neither it nor a copy thereof appears in the record, either as evidence for jurisdictional purposes, or on the merits, or 'for the purposes of the bill of exception to its exclusion. It nowhere appears in the record.

■■ In any event, the copy of the purported policy was properly excluded from the jury, for the reason that, however admissible it may have been if offered separately, it was only one of a batch of several documents offered together, some of which were concededly inadmissible, and in such case, where the proffering party fails to separate the good from the bad, the objection which is good as against the bad must be sustained, and the whole excluded.

■■ Now, as a practical matter, this court knows from the record that appellant was indeed the insurance carrier in the case. From appellant's own pleadings, it is obvious that it was the insurance carrier. Appellee alleged the fact in his petition, and put appellant upon notice to produce the policy, which appellant ignored. Appellant, by no sort of pleading, except the general denial, nor by any evidence or offer of evidence, denied the fact, which it admitted in every way except, perhaps, specifically. It alleged, specifically, that the Industrial Accident Board had rendered its award in this case, to wit: "in that certain cause pending before it and styled V—11040, Dan Adams, Employee –Vs– George Meier, Employer, The Southern Underwriters, Insurer, and which said award and decree was entered by said Board acting pursuant to the provisions of the Workmen's Compensation Act of the State of Texas [Vernon's Ann.Civ.St. art. 8306 et seq.] * * *" The record further shows that appellant's agent took appellee's statement of his injuries, etc., in appellant's office; that appellant had two of its physicians to examine appellee and report his condition to appellant, and that said physicians carried on a correspondence with appellant concerning appellee's claim and condition; that one of those physicians took an X-ray of appellee; and that one of appellant's adjusters took and had possession of the picture at the time of the trial. We conclude that under the record as above set out the evidence was sufficient to show that appellant carried compensation insurance

covering appellee in this case. Where a carrier is sued as in this case, and is alleged to be such carrier, and is given notice to produce the policy, but fails to do so and makes no denial that it is such carrier, but tries the case upon the theory that it is such, only very slight evidence should be required to establish the fact. Here appellant, in effect, pleaded it was such carrier. The evidence showed prompt, alert, and elaborate activities upon its part in ascertaining the extent of appellee's injuries and the facts of the accident, and in building up its defense of no compensable injury, without denying, or offering proof against, its liability in case of injury. The record points unerringly to appellant as the insurance carrier in the case, and we overrule its first and second propositions.

In its remaining propositions appellant contends that the evidence did not warrant the adjudication of the issue of appellee's average daily wage upon the basis of section 1, 1st subsection 3 of article 8309, R.S.1925. We have examined the record in view of those propositions, which must be overruled. We conclude that the evidence was such as to warrant resort to that subsection.

The judgment is affirmed.