## SOUTHERN UNDERWRITERS v. WRIGHT.

### No. 10425.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 15, 1939.

Rehearing Denied March 15, 1939.

Battaile & Burr, of Houston, for plaintiff in error.

Jones & Kirkham, John J. Pichinson, and Fred H. Woodard, all of Corpus Christi, for defendant in error.

SMITH, Chief Justice.

This appeal is from an award in a Workmen's Compensation case, in the district court, as for permanent total incapacity.

The only question presented in the appeal is that of whether plaintiff in error was efficiently shown to have been the insurance carrier for defendant in error's employer at the time of the injury.

The case was tried by jury, from whom, however, no finding was elicited or requested upon the issue of coverage, and the question is thereby narrowed to the inquiry of whether, upon the record, the trial judge was authorized to assume as a matter of law, and render judgment upon that assumption, that plaintiff in error was in fact the insurance carrier in the case.

Defendant in error specially pleaded that plaintiff in error was such carrier, giving the usual notice to plaintiff in error to produce the policy, and renewing the demand in the course of the trial, without avail. Plaintiff in error did not attempt in any way, by pleading or evidence or otherwise, to negative defendant in error's allegations of coverage.

On the other hand, defendant in error introduced before the trial judge, but in the absence of the jury, for the expressly stated purpose of showing coverage by plaintiff in error, a properly certified copy of the "notice of the employer becoming a subscriber filed with the" Industrial Accident Board, showing that defendant in error's employer was a "subscriber under policy No. WC–5058, issued to Ben F. Smith (admittedly defendant in error's employer) by" plaintiff in error, "effective" at the time defendant in error sustained the injury admittedly resulting in his permanent total incapacity, for which he was awarded compensation in this suit. Such certificate is expressly provided for in § 5, Art. 8307, R.S.1925, as amended by the Acts of 1931 (42d Leg. p. 378, Ch. 224, § 1, Vernon's Ann.Civ.St. art. 8307, § 5), pertinent part of which is as follows: "* * * The Industrial Accident Board shall furnish any interested party in said claim pending in Court upon request free of charge, with a certified copy of the notice of the employer becoming a subscriber filed with the Board and the same when properly certified to shall be admissible in evidence in any Court in this State upon trial of such claim therein pending and shall be prima facie proof of 'all facts stated in such notice in the trial of said cause unless same is denied under oath by the opposing party therein. * * *"

Defendant in error also put in evidence before the court, still in the absence of the jury, a policy purporting to have been issued by plaintiff in error to defendant in error's employer showing coverage of the latter's employees at the time of the accident, and bearing the same policy number as the policy shown by said certificate to have been issued by plaintiff in error to cover the subscriber's employees. This policy was offered for the express purpose of showing coverage by plaintiff in error. It was obtained, at the time, from the residence of the employer, and offered in evidence when plaintiff in error's counsel, after notice and demand, had declined to produce it, upon the stated ground that he had not the policy, which was presumed to be "in the hands of the person to whom issued."

It is not clear that defendant in error made any effort to get the certificate of the Board, or the original policy, in evidence before the jury for their consideration. The certificate was certainly admissible before the jury by virtue of express provision of the quoted statute, and the policy was admissible when produced and offered under the circumstances stated, particularly when it was identified in the certificate by its number and provisions. Defendant in error should have urged the admission of this evidence before the jury and stood on his rights to its benefits.

The result is, nevertheless, that the above evidence, the certificate and policy, adduced upon the trial before the court in the absence of the jury, showed conclusively, as a matter of law, that defendant in error was covered by insurance duly issued and delivered by plaintiff in error, and in effect at the time of defendant in error's injury.

In this state of the case the question persists whether this conclusive showing, of coverage, to the trial judge, was a sufficient adjudication, in a jury case, of the issue of coverage, without submitting the evidence, or issue, to the jury and eliciting their finding thereon as a basis for judgment against the insurance company as the insurance carrier. It is perfectly obvious that the submission of the issue to the jury would have been a vain and futile thing, for their finding thereon negativing coverage, or to any other effect, would have been disregarded, and judgment rendered against the carrier, whatever the jury may have found. It is difficult to restrain the impulse to hold that such evidence, absolutely conclusive, when introduced before the trial judge for the expressly stated purpose, efficiently discharged the burden upon the employee plaintiff to show that the impleaded defendant was the insurance carrier in the case, without going through the

further and futile process of making the same showing before a jury, whose finding thereon would have been immaterial, and ignored in rendering judgment. The temptation to so hold in this case is pressing, but we refrain from it nevertheless.

 Defendant in error adduced no evidence before the jury which may be considered germane to this issue, unless it be certain testimony that two months before the trial plaintiff in error took cognizance of his injury, and employed two doctors to examine him and had him X-rayed by a third doctor. A fourth doctor, Dr. Harose, examined and treated him, and procured crutches for him shortly after his injury. Dr. Harose testified that he represented probably as many as one hundred insurance companies in such matters, but it was not shown that plaintiff in error was one of those companies, or that the doctor was acting for plaintiff in error in this case. So far as the evidence specifically shows to the contrary, it might have been any one of the other one hundred companies he was representing in taking care of this case, although the evidence at large seems to warrant an inference that Dr. Howze was acting for plaintiff in error, for whom he came all the way from the Texas Panhandle to Corpus Christi to testify in this case. It does seem to appear from the record that defendant in error could easily have much more fully developed the evidence upon this phase of the case. On the other hand, plaintiff in error's utter failure to question by any means the fact of its coverage, in the face of defendant in error's allegations, and the conclusive proof made before the court, considered in connection with the evidence of its activities to disprove injury, will be deemed sufficient to show, prima facie, that plaintiff in error was indeed the insurance carrier in the case. For this purpose, in such case, only slight evidence is required to establish coverage by the impleaded insurer. Under all the circumstances, the court did not err in holding, as a matter of law, that plaintiff in error was the insurance carrier in the case, and rendering judgment accordingly. Texas Employers' Ins. Ass'n v. Bradford, Tex.Civ.App., 62 S.W.2d 158, affirmed by Supreme Court without written opinion; Associated Ind. Corp. v. Baker, Tex.Civ.App., 76 S.W.2d 153; Safety Cas. Co. v. Staggs, Tex.Civ.App., 99 S.W.2d 682; Maryland Cas. Co. v. Donnelly, Tex. Civ.App., 50 S.W.2d 388; Maryland Cas.

Co. v. Guzman, Tex.Civ.App., 79 S.W.2d 330; Guzman v. Maryland Cas. Co., 130 Tex. 62, 107 S.W.2d 356; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 87 S.W.2d 503; Consolidated Underwriters v. Strawther, Tex.Civ.App., 109 S.W.2d 791; Zurich General Accident & Liability Ins. Co. v. Thompson, Tex.Civ.App., 19 S.W.2d 153; Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S. W.2d 449; Southern Underwriters v. Adams, Tex.Civ.App., 113 S.W.2d 558.

The judgment is affirmed.