## SOUTHERN UNDERWRITERS v. THOMAS.

### No. 3510.

Court of Civil Appeals of Texas. Beaumont.
July 29, 1939.

Rehearing Denied Aug. 17, 1939.

Charles Crenshaw and Benbow, Saunders & Holliday, all of Dallas, for plaintiff in error.

Morris & Bennett, of Beaumont, for defendant in error.

COMBS, Justice.

This is a workman's compensation case, appealed by the insurance company from a judgment in favor of F. L. Thomas, plaintiff in the trial court, awarding him $4,-784.87 in a lump sum for total, permanent disability.

Plaintiff received his injury March 31, 1938, while working for Thompson Drilling Company as a helper on a drilling rig, operated by said company in the Orange oil field. The metal drum flange of the drilling machine broke and a large piece of it struck plaintiff on his left shoulder, knocking him from the floor of the drilling rig, and he fell a distance of 8 or 9 feet onto a stack of pipe. He was knocked unconscious by the fall, receiving a cut several inches long on his head, his left shoulder blade was fractured, and his left side, from waist to shoulder, was considerably bruised. He was confined to the hospital for sometime and there seems to be little dispute in the testimony that he

is now, and has been from the date of his injury, totally and permanently incapacitated. There was a sharply contested issue, however, as to whether his condition of permanent incapacity was due to his injury or whether it was caused solely by a diseased condition of his heart. On that issue the evidence showed that plaintiff was suffering with a leaky heart valve, as well as with a heart enlargement, and it was defendant's theory that the heart condition was brought about by disease, probably syphilis. However, a Wasserman test was negative, and defendant's medical experts testified that a heart condition such as that from which plaintiff was suffering, if produced by disease, was probably of long duration, requiring perhaps 10 or 15 years to develop. Plaintiff's medical witnesses, Dr. L. C. Powell and Dr. C. M. White, both testified that the injury sustained by the plaintiff in his fall from the derrick was probably the producing cause of the injuries to his heart, as well as other disabling injuries, and that his condition of disability was produced by such injuries. The evidence showed, too, that plaintiff passed successfully a medical examination less than a year before his injury, that he was not suffering from heart disease at that time, and that he performed heavy manual labor up to the time of his injury. Defendant's theory that plaintiff's disability was due to disease was submitted to the jury and answered in favor of plaintiff. The insurance company does not attack the sufficiency of the evidence to support the jury's findings. All of the assignments urge technical objections and they may be summarized as follows: (a) It contends that an issue of fact was made as to whether it was the insurance carrier of the employer, the evidence to the effect that it was being only circumstantial and from the testimony of the plaintiff himself, and since no issue was submitted to the jury on that point the judgment is without support; (b) that in determining the wage rate, it was error for the jury to fix it under Subdivision 3 of Section 1 of Article 8309; and (c) various criticisms of the court's charge, such as the form of the issues pertaining to plaintiff's injuries, which inquired as to injuries generally without "limiting the inquiry to the injuries supported by both the pleadings and the proof," etc.

## Opinion.

■ As we understand appellant's contention with reference to the alleged failure of the plaintiff to obtain a jury finding that the defendant was the insurance carrier, its contention simply is that plaintiff failed to offer sufficient proof to establish such fact as a matter of law, and that plaintiff's evidence only raised an issue of fact for the jury on that point. The insurance company offered no proof that it was not in fact the insurance carrier. Plaintiff, in his pleadings, made demand on the insurance company to produce the policy of insurance, or a copy of it, and on the trial the request was refused. Plaintiff testified that the defendant insurance company paid him compensation for his said injury for a period of six weeks. It was admitted that the insurance company paid the doctor who treated the plaintiff at the hospital, that the insurance company sent the plaintiff from Orange to Houston for examination by two different doctors, and paid his expenses, and two of the insurance company's doctors who testified at the trial testified that they examined plaintiff for the defendant insurance company. Certainly these facts, not disputed in any way, were sufficient to establish, as a matter of law, that appellant was the insurance carrier. Southern Underwriters v. Wright, Tex.Civ.App., 125 S.W.2d 1079; Federal Underwriters Exchange v. Ener, Tex.Civ.App., 126 S.W.2d 769.

■ The trial court did not err in entering judgment on the jury's finding of a fair and reasonable wage rate of $25 a week under Subdivision 3 of the statute. It appeared without dispute that plaintiff had been working only 15 days on the job on which he was injured, at a wage of $7 per day. He had been employed by the Pennsylvania Ship Yards, in Beaumont, an entirely different kind of work, beginning in June, 1937, less than a year before his injury, and Doctor H. E. Alexander testified that he gave him a physical examination June 14, 1937, for the Pennsylvania Ship Yards. The evidence showed that the drilling operations on which plaintiff was injured are of an intermittent character. An issue was submitted to the jury on request of defendant as to whether there was an employee of the same class as plaintiff working substantially the whole of the year in that vicinity immediately preceding March 31, 1938, as provided by subdivision 2, and the issue was answered in the negative, which answer had abundant support. Consequently, the methods of fixing the wage rate, as provided in Subdivisions 1 and 2, were eliminated. There is no complaint that the

wage rate fixed, $25 per week, was not just and fair. In fact it appears rather low in view of the $7 per day plaintiff was earning when he was injured.

We now come to a consideration of what seems to be appellant's principal contention. By its first four propositions, it is urged that the trial court erred in framing the issues pertaining to plaintiff's injuries, so as to submit the issues generally, without limiting the inquiry to the specific injuries pleaded and proved. By issues 2, 3 and 4, the court inquired as to whether from a preponderance of the evidence plaintiff "received personal injuries in Orange County, Texas, on or about March 31, 1938"; "whether such personal injuries" were sustained in the course of his employment; and whether "such personal injuries sustained on that date were an accident." The plaintiff plead certain physical injuries, such as a fracture of the skull, and the like, of which there was no proof, and the criticism is that the trial court, in framing the issue, should have excluded from the jury's consideration such alleged injuries of which no proof was offered, and there were several alleged.

The assignments are overruled. Appellant requested a number of special issues, several of which were given, inquiring in the same general terms as to plaintiff's "injuries" and "disabilities" without limiting them in any way to matters plead and proved. It is, therefore, not in position to urge error against other issues given by the court, in the same form. 3 Tex.Jur. 1033; American Mutual Liability Ins. Co. v. Thomas, Tex.Civ.App., 35 S.W.2d 232; Millers' Indemnity Underwriters v. Schrieber, Tex.Civ.App., 240 S.W. 963.

The above, we think, is sufficient ground for overruling the assignments. But this question is one which has been urged before us in a number of cases recently. In view of the frequency with which it is urged, we think it proper to add that on the facts of this case the issues complained of as too general in scope were not subject to that objection. Plaintiff sued for a general injury only and sought compensation for disability resulting therefrom. No issue as to any specific injury under the statute, such as the loss of an eye or an arm, etc., was involved. Nor was there any evidence that plaintiff had ever suffered any accident or bodily injury other than the one sued up-

on, which occurred March 31, 1938. Such being the case, it would have been confusing and erroneous, as well as impracticable, for the court to attempt to frame an issue, or a series of issues, so as to send to the jury for separate and distinct consideration the injuries sustained to various parts of his body, or to specifically exclude from the consideration of the jury all such matters plead but upon which no proof was offered. The issue, as framed, inquired of the jury for an answer based upon the preponderance of the evidence and so in general terms did exclude matters not in evidence. Furthermore, no court is warranted in assuming that a jury, in arriving at its answers, will consider matters not in evidence. In this case the plaintiff had in fact but one fundamental issue to establish and that was that his condition of total and permanent incapacity was produced by bodily injuries sustained by him as a result of the accident of March 31, 1938. As against that, the defendant raised but one controlling issue, and that was as to whether his condition of incapacity resulted from a diseased condition of his heart. The issues as framed sent these basic questions to the jury in plain and simple terms, and was a proper submission of the case.

Defendant's defense was sent to the jury by 11 special issues given in the very form in which the defendant requested them. It does not challenge the sufficiency of the evidence to support the jury's answers against it on those issues, or to support the findings in favor of plaintiff. Its other criticisms of the court's charge are also without merit and its legal propositions have many times been ruled against it by the courts. All assignments are overruled.

Appellant directs our attention to several recent cases by other Courts of Civil Appeals, in which compensation cases have been reversed because the issue was framed so as to submit the matter of injuries generally. It may be that in those cases the condition of the record was such as to require the reversal. But be that as it may, with all due deference to such holdings, we here state our view that where a claim, as here, is for a general injury only, and there is no proof of any other injury than the one sued upon, an issue inquiring as to the injuries generally received in the accident is not erroneous. As we see it, the function of the

412

pleadings alleging various specific bodily hurts or injuries is to apprise the insurance company of the character of proof it will be called upon to meet and to guide the trial judge in the admission of evidence. Such pleadings should not be allowed to control the form of the issues submitted to the jury so as to require a large number of so-called "issues" to be submitted containing only slightly different phases of the evidence on the main issues. To do so, simply makes it possible for a shrewd pleader to multiply the so called issues almost without limit.

Anyone familiar with the trial of compensation cases knows that we have already allowed the trial procedure to become far too cumbersome and technical. By every principle of justice and common sense it ought to be one of the simplest proceedings with which the courts have to deal. But the appellate courts have through the years added "issues" "definitions" and "doctrines" until the trial of a compensation case is now one of the most complicated and burdensome proceedings known to our practice. This should certainly cause us to pause before adding some new "doctrine" which will call for another flock of "issues" in such cases. It would be far more sensible and right to wield an ax on the procedural bramble-thicket which has already grown up. We do not have authority to do that. But we can refrain from assisting, by our holdings, in the process of adding new rules of decision which can but further complicate the trial of compensation cases.

The judgment of the trial court is affirmed.

Affirmed.