### EL PASO ELECTRIC CO. et al. v. BUCK.

### No. 3952.

Court of Civil Appeals of Texas. El Paso.
June 20, 1940.

Rehearing Denied, Sept. 12, 1940.

Paul D. Thomas, William Flournoy, and Brown & Brooke, all of El Paso, for appellants.

Lea & Edwards, of El Paso, for appellee.

WALTHALL, Justice.

This is a personal injury case.

This appeal is prosecuted from a judgment in favor of appellee and against each of appellants.

Appellee is a feme sole. Appellant, El Paso Electric Company, is a corporation, and for years prior to the time involved here has been engaged in the City of El Paso, Texas, and the surrounding territory, in the business of manufacturing, selling and distributing electric current for domestic lighting, cooking, heating and similar purposes, and in connection therewith, and as a part of said business, appellant Electric Company kept in stock and sold to the public various electrical appliances which the Company customarily installed in purchasers' homes, and, in this instance, the appellant Electric Company, by defendant Edward M. Nelson, installed appliances, hereinafter referred to, in the home of appellee.

As a part of the matters of fact involved, and not a part of the issues involved, but all alleged and shown, the evidence shows without controversy that prior to January 17, 1939, appellee became the owner of a home at 4300 Cumberland Street, in the City of El Paso, Texas, which home, at the time of its purchase by appellee, was already wired for electric lights; that prior to appellee's acquisition of the home appellant Electric Company had installed the house for electricity by bringing what is referred to as the feed line in through the walls and into the wall of the bedroom to a meter box placed approximately six or seven feet above the floor of the bedroom, and left the wires extending into the bedroom and protruding beyond the wall where the meter box had been. Plaintiff, seeing the place where the meter box had been and the protruding wires, undertook to push out the protruding wires, fill the hole in the wall, and in an effort to do so came in contact with the live wires so protruding from the wall, and received the injuries complained of.

On November 7, 1938, appellee bought from appellant Electric Company an electric range and an electric water heater which the Company agreed to and did install through appellant Nelson, as above stated, in appellee's house.

Appellee charged both appellants with negligence in installing the said appliances as above and submitted in the court's charge to the jury.

Under the instructions submitted the jury found: Plaintiff received an electrical shock while undertaking to cut a wire protruding from the wall of her bedroom, which wire defendant Nelson had cut and left protruding in connection with installing electrical appliances by the defendant El Paso Electric Company in the home of the plaintiff; that defendant Nelson was negligent in leaving the two wires protruding from the wall of plaintiff's bedroom; that such negligence was a

proximate cause of plaintiff's injuries; the failure of Nelson to warn plaintiff that the two wires left protruding from her bedroom wall in connection with the installation of electrical appliances were energized was negligence, and that such negligence was a proximate cause of plaintiff's injury; that the disconnecting of the wires from the meter on the wall of the plaintiff's bedroom was fairly incidental to the performance of the contract for the installation of the electrical appliances mentioned in the written contract between plaintiff· and the El Paso Electric Company; that under the contract between Nelson and the El Paso Electric Company for the installation of the electrical fixtures in the home of plaintiff, the El Paso Electric Company had the right of control over Nelson in the mode and manner of the execution of the work, and the right to control and direct the details thereof; the work which the El Paso Electric Company caused Nelson to do in the home of the plaintiff was of a character inherently and intrinsically dangerous unless proper safeguards to avoid injury to the occupants of the building were taken by the individuals doing the work.

The jury found for plaintiff on all issues submitted on contributory negligence, and assessed plaintiff's damages.

The court overruled the several motions of each of defendants for judgment and for a new trial and rendered judgment on the verdict of the jury that plaintiff recover from the defendants jointly and severally the sum of · $8,500, with interest thereon at six per cent per annum from May 12, 1939; that El Paso Electric Company recover of Nelson all sums, together with costs, which the Electric Company may pay to plaintiff under the judgment. Each of the defendants appealed and filed briefs.

Appellant El Paso Electric Company, as one of its defensive matters, pleaded by cross action against Nelson that its co-defendant Nelson did the entire work of installing the electric heater and range and the matter of wiring the plaintiff's house in connection therewith; that Nelson was an electrician and electrical contractor performing and doing the work of installing electrical wires in plaintiff's building, and was doing the work under a cost plus basis, and entirely under his own control and direction, independent of defendant El Paso Electric Company, Nelson employing the labor and furnishing the tools upon his own responsibility, and was paid therefor by the job.

The El Paso Electric Company submits that the above facts as to Nelson being an independent contractor in installing the stove and range, and in doing the wiring referred to, there was no evidence that it was guilty of any act of omission or commission constituting negligence; no evidence of any breach of its contract in the matter of installing the equipment; that the court erred in submitting the case to the jury, over the objection of appellant.

We do not conceive the primary or ultimate question to be whether Nelson was an independent contractor in installing the electrical appliances in appellee's home, but to us the question is, that where the El Paso Electric Company has contracted to install such appliances, and has undertaken to do so, and where the installation necessary requires the use of wires carrying electricity, rendering it an exceedingly dangerous condition when not properly protected, and where the contract to install the appliances expressly or impliedly makes it the duty of the contractor to do what· is reasonably necessary to protect against such dangerous condition, the contractor would be liable for any injury sustained by the owner or occupant of the house, whether the party actually doing the work of installing the appliances was an independent contractor or not.

To us the question seems to be: Did the work of installing the appliances create such dangerous condition in appellee's bedroom as would reasonably require a protection against such condition, or notice to appellee of its danger?

We think the case of Kampmann v. Rothwell et al., 101 Tex. 535, 109 S.W. 1089, 17 L.R.A., N.S., 758, and the cases there referred to by Judge Brown, sustain the above proposition.

In that case Mrs. Kampmann owned a home in San Antonio situated on a public street in the City. Fitsgerald & Basille, independent contractors, contracted with her to repair a break in the sidewalk, and did so. They repaired it by taking out a section of the sidewalk and replaced it with fresh cement and concrete, and in order to protect it from injury by persons walking over it, laid planks lengthwise upon it. There was no guard rail or other protection or light. Rothwell, while passing along at night, fell over the ends of

the plank and was injured and sued Mrs. Kampmann for damages.

Our Supreme Court said that the rule of law applicable to the case is aptly stated in Robbins v. Chicago City, 4 Wall. 657, 18 L.Ed. 427, and quoted therefrom the following [101 Tex. 535, 109 S.W. 1090, 17 L.R.A., N.S., 758]: "The party contracting for the work was liable * * * where the work to be done necessarily constituted an obstruction or defect in the street or highway which rendered it dangerous as a way for travel and transportation, unless properly guarded or shut out from public use; that in such cases the principal for whom the work was done could not defeat the just claim * * * of the injured party by proving that the work which constituted the obstruction or defect was done by an independent contractor. * * * Where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party," and referred to many cases.

Applying the law as above stated, Judge Brown, for the Supreme Court, said, that the independent contractors, doing the work without supervision on the part of Mrs. Kampmann, were required to do whatever the law required her to do in repairing the sidewalk which was not complete until the protection necessary to make the sidewalk reasonably safe for pedestrians was provided, and such protection not having been provided, Mrs. Kampmann was liable for the injury sustained. In that case Mrs. Kampmann gave to the independent contractors no direction how the work should be done or whether or how the dangerous condition of the sidewalk should be protected or made safe for the traveling public.

■ We think the same rule of law as above should be applied to the El Paso Electric Company. It employed Nelson to do the work, gave him no instructions, and did not see to it that the dangerous condition in which he left the energized wires in the bedroom was protected or that Miss Buck was notified of such condition, or that the wires were charged with electricity. The evidence shows that Miss Buck did not know the wires were charged.

What we have said above applies, we think, to many of the propositions of both appellants.

■ We have not found in the record any evidence of a new, independent, intervening cause of such a nature as to interrupt the natural consequences of Nelson's negligence and turn aside its effect so as to produce a result different from that which could have been reasonably anticipated in the light of attending circumstances. The court was not in error in omitting from the definition of proximate cause any reference to new, independent, intervening cause. The cause of action was for specific and enumerated acts of negligence, and both appellants defended on alleged grounds of contributory negligence of appellee.

Judge Martin makes the rule as above stated quite clear in Lowrimore v. Sanders, 129 Tex. 563, 103 S.W.2d 739, 106 S.W. 2d 266. See also Young v. Massey, 128 Tex. 638, 101 S.W.2d 809; El Paso Electric Co. v. Perkins, Tex.Civ.App., 292 S. W. 935.

■ We think it not reversible error in submitting to the jury to find whether the El Paso Electric Company had the right of control over Nelson in the mode and manner of the execution of the work, and the right to control and direct the details thereof.

Mrs. Calhoun had known appellee well and intimately for about four years prior to her injury, associated intimately with her as a friend. In answer to the question: "What has been her physical condition insofar as being able to attend to her duties as a nurse since you have known her?" Answer: "She has been in perfect health."

■ The court overruled appellant's motion to strike the answer on the ground that "it does not come from a doctor." Appellants assign error to the overruling of their motion. The objection does not go to the want of opportunity of the witness to know the physical condition of appellee, but for the reason only that witness was not a doctor. The evidence as to the opportunity of the witness to know the facts to which she was called to testify is meager, owing possibly to character of the objection, that she was not a doctor. We think, however, she stated enough to show her opportunity for observing appellee as to her general health, strength, and bodily vigor, or of apparent state of health. We think the question to the witness did not come within the rules relating to expert testimony, and was not objectionable. Vann v. National Life & Accident Ins. Co., Tex.

Com.App., 24 S.W.2d 347, and cases there referred to; Shuffield v. Taylor, 125 Tex. 601, 83 S.W.2d 955.

The witness W. D. Burgess, an expert in electrical engineering, was asked the question by the appellant Company: "If the wires at that house were cut off along here, in the position indicated by me, some four or five inches below the ceiling, carrying the voltage indicated by you, and the construction left in that condition, I will ask you whether or not that was inherently dangerous, from an electrician's standpoint?" The answer would have been no. The court sustained, as invading the province of the jury, the objection, to which exception was taken.

The court submitted the issue found, that the work (the wiring) was "inherently and intrinsically dangerous, unless safeguarded."

We think that under all the circumstances reversible error is not made to appear. Tweed v. Western Union, 107 Tex. 247, 166 S.W. 696; Hodges v. Swastika Oil Co., Tex.Civ.App., 185 S.W. 369; St. L. & S. F. Ry. Co. v. May, 53 Tex. Civ.App. 257, 115 S.W. 900; 901.

The Court's charge to the jury in submitting the measure of damages is as follows:

"What sum, if paid in cash now, due you find from a preponderance of the evidence would reasonably compensate plaintiff for the personal injury, if any, so resulting to her from such shock? Answer in dollars and cents.

"In connection with this question you are charged that if you find from a preponderance of the evidence that plaintiff, as a result of such shock, has been up to this time prevented from laboring and earning money at her avocation, you may take that into consideration in estimating the damages; and if you further believe as a result of said personal injury so caused, if any, plaintiff has suffered mental and physical pain, you may take that into consideration in answering the above issue; further, if you find from a preponderance of the evidence that plaintiff has not recovered from her injury, if any, so proximately caused, and that her ability to pursue her avocation in the future has been impaired you may take that into consideration in answering the issue; and if you believe that she will suffer mental and physical pain in the future as a result of her injury so proximately caused, if any, you may take that into consideration in answering the question; and if you find from a preponderance of the evidence that as a result of her injury, if any, so proximately caused, it was reasonably necessary for plaintiff to have hospital services and the services of a physician, you may also take into consideration the fair and reasonable value of such hospital and medical services, if any, so reasonably necessary."

The objection made to the charge is that the explanation was confusing and submits the same issue more than once, and permits, if it does not actually authorize, a double recovery.

Appellee was a graduate registered nurse, and has been serving as such since 1920; the electric shock of which she complains occurred on January 17, 1939. She testified in detail to all of her injuries and how they affected her and her earning capacity.

In addition to and in connection with the charge complained of, the court charged the jury: "In connection with Special Issue No. 16, you are charged that if you believe from the evidence that plaintiff, prior to the receiving of the electric shock in question, if such shock she did receive, was in a diseased condition, you will not allow anything for past loss of time, the future loss of time, or mental or physical suffering past or present which were caused by said prior diseased condition, if such condition existed; but any aggravation thereof by the electrical shock, if any, you may take into consideration."

Appellants, while referring to other cases, specially stress Yessler v. Dodson, Tex.Civ.App., 104 S.W.2d 95, as sustaining their contention that the charge admits a double recovery. We have compared the charge in the present case with the charge in that case. The charge in this case submits: Lost earnings in the past; past pain and suffering; diminished future earnings; future pain; hospital and doctors' bills.

We have not found in what respect a double recovery could be had.

We think the charge is not subject to the objection made.

We have considered the propositions submitted as to each appellant, though

not all have been discussed, and have concluded that reversible error is not shown.

The case is affirmed.

PRICE, C. J., not sitting.

On Motion for Rehearing.

WALTHALL, Justice.

In the original opinion we said that "prior to appellee's acquisition of the home appellant Electric Company had installed the house for electricity." That statement is error. There is no pleading or evidence as to who did the wiring prior to appellee's purchase of the house. The issues tendered here were to the effect that after appellee purchased the property she ordered the installation of the electric range and water heater, and that when that work was done the old meter box was removed from the bedroom wall by appellants, and the issues tendered and tried had reference to the condition of the bedroom wall on the removal by Nelson of the meter box therefrom and placed elsewhere, as indicated by the several issues of the court's charge to the jury.

With correction of the opinion as above, the motions for rehearing are overruled.