**TEXAS GENERAL INDEMNITY
CO. v. SCOTT.**

No. 6186.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 26, 1951.

Rehearing Denied Jan. 7, 1952.

Crenshaw, Dupree & Milam, Lubbock (Max Addison, Lubbock, of counsel), for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, Dillard, Cooke & Dillard, Lubbock, for appellee.

MARTIN, Justice.

Appellee, Mrs. Molinda T. Scott, sued appellant, Texas General Indemnity Co., alleging that she sustained injuries while employed by Montgomery Ward & Co., and that appellant was liable for such injuries as Workmen's Compensation Insurer for the company. Appellee's petition alleged that while she was walking across the floor of Montgomery Ward's store in Lubbock, Texas, on March 10, 1950, she slipped and fell, twisting her left foot and ankle and injuring the same and causing an in-jury to her neck. Upon a trial of the cause, appellee recovered judgment for total and permanent incapacity and appellant perfected its appeal based upon ten points of error.

Appellant's first four points of error allege that the trial court erred in excluding four exhibits tendered by appellant and same being claims for compensation and notice of injury as filed by appellee with the Industrial Accident Board. Appellee objected to the admission of these instruments on the ground that they were admissible for jurisdictional purposes only. Appellant contended that these exhibits were admissible in that appellee made no claim as to a neck injury in such instruments as filed with the Industrial Accident Board and that this omission was an admission provable against appellee's later contention that she received a neck injury when she fell in the Montgomery Ward store.

The proposition urged by appellant in its first four points is not impeachment but is more correctly defined in 31 C.J.S., Evidence, § 291, page 1050, as follows: "Where a party on the trial of an action advances contentions which are inconsistent with his prior conduct with relation to the matter in controversy, such prior conduct may be shown as being in the nature of an admission. * * * In case of a plaintiff or other claimant it may be shown that he has failed under suitable circumstances to advance the demand on which he relies."

The general rule is that proceedings before the Industrial Accident Board are admitted in the trial court solely for jurisdictional purposes in the usual case. Uselton v. Southern Underwriters, Tex.Civ. App., 131 S.W.2d 1040 and like cases. But, Texas Employers' Ins. Ass'n v. Thames, Tex.Civ.App., 236 S.W.2d 203, error refused, is in point on the proposition that it may be shown that appellee has failed under suitable circumstances to advance the demand on which she relies. See also Downs v. McCampbell, Tex.Civ.App., 203 S.W.2d 302; Traders & General Ins. Co. v. Carlisle, Tex.Civ.App., 162 S.W.2d 751; United Employers Casualty Co. v. Smith,

Tex.Civ.App., 145 S.W.2d 249, error refused; Farmers' State Bank & Trust Co., v. Gorman Home Refinery, Tex.Com.App., 3 S.W.2d 65, Syl. 6.

But, in this cause the trial court correctly excluded appellant's four exhibits under the record. These exhibits, or any part thereof, must be admitted strictly within all applicable rules of evidence. The record here does not disclose that such exhibits were ever presented to the court or that the materiality of the same was ever disclosed to the court. It does not appear that the trial court even saw the contents of such exhibits prior to ruling on their admissibility. The record as to this issue reflects appellant's statement, "It is very material as the Court can see *when he sees* the matter in it." (Emphasis supplied.) But such record does not reflect that the exhibits were delivered at that time for examination by the court as to their admissibility. The admissibility of such statements should have been disclosed by appellant in some manner. Texas & P. Ry. Co. v. Tuck, 103 Tex. 72, 123 S.W. 406. Only a limited portion of the exhibits was admissible. "But it is equally well settled that where evidence is offered as a whole, only a part of which is admissible, the court does not commit error in sustaining an objection to such testimony. In such case it is not the duty of the court nor of the party objecting to the same to separate the admissible from the inadmissible." Kincaid v. Chicago, R. I. & G. Ry. Co., Tex.Civ.App., 119 S.W.2d 1084, 1088, Syl. 4, 5; Texas Reciprocal Ins. Ass'n v. Stadler, 140 Tex. 96, 166 S.W.2d 121; St. Louis & S. F. Ry. Co. v. May, 53 Tex.Civ.App. 257, 115 S.W. 900; Southern Underwriters v. Adams, Tex.Civ. App., 113 S.W.2d 558.

Any error of the trial court in excluding appellant's exhibits, if conceded, was harmless in that the same evidence was introduced of record without any objection thereto and such evidence did not affect the result of the suit. Dr. Dunn's testimony as to appellee's initial visit to him for treatment shows "she did not complain of her neck at that time." Rule 434, Texas Rules of Civil Procedure.

Appellant, not having disclosed any reason for admissibility of such exhibits, and not having given the trial court an opportunity to determine the issue, and further not having limited the evidence sought to be introduced to the admissible portion of such exhibits should not complain of the exclusion of the entire exhibits by the trial court. In the light of Dr. Dunn's testimony it does not appear that appellant suffered any injury through exclusion of the exhibits. Appellant's points 1, 2, 3 and 4 are overruled.

Appellant's points 5, 8 and 9 will be discussed together as they are briefed conjunctively by the appellant. Point 5 alleges that the trial court erred in refusing to submit appellant's requested special issue No. 6 as follows: "Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff, Molinda Scott, was not caused solely by the incapacity, if any, to her left foot?" Appellant's point 8 alleges that the trial court erred in refusing to submit appellant's requested special issue No. 8 as follows: "Do you find from a preponderance of the evidence that the incapacity, if any, of Molinda Scott was not caused solely by the incapacity to her left leg?" Appellant's point 9 alleges that the court erred in refusing appellant's motion to enter judgment in favor of appellee for compensation benefits for the permanent loss of use of her left leg below the knee.

In relation to the points hereinabove set forth, an examination of the judgment of the trial court reveals that the court submitted to the jury special issue No. 11 as follows: "Do you find from a preponderance of the evidence that the disability, if any, of Molinda Scott, is not limited to her left leg below the knee?" and received a jury answer of, "It is not limited to her left leg below the knee." The trial court refused to enter judgment for appellee covering only compensation for permanent loss by appellee of the use of her left leg below the knee.

Appellant's discussion under points 5, 8 and 9 centers around the principle laid down in Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463,

464, as follows: "An employee is not precluded from recovering for total incapacity if he alleges and proves that the injury to the particular member also extended to and affected other portions of his body, or impaired his general health to such an extent as to totally and permanently incapacitate him."

In the cause at issue the appellee pleaded not only a special injury to the foot and left leg but also pleaded an injury to the neck and certain vertebra as well as alleging a muscle spasm of the left side of her neck and also that such condition caused an arthritis to develop in the area of the vertebra as alleged to have been fractured. Appellee made no attempt to plead that she only injured her left foot and ankle and that this injury extended to other parts of the body as in the Langley case, supra. Appellee's injuries other than to the foot and ankle were alleged to have been caused by the same fall that injured appellee's foot and ankle and not by an extension of the ankle injury to those parts of the body. Therefore, the ultimate issue here is not as in the Langley case, supra, "whether or not the injury affected other portions of [her] body". It is pertinent to observe at this point that issues 6 and 8 as requested by appellant were not drawn upon the same theory as in the Langley case, but both of such issues inquire, as does issue 11 submitted by the court, as to whether the appellee's *incapacity* was cased solely by the incapacity, if any, to her left foot or leg. In the cause at issue, the jury found a specific injury and likewise found a general injury and therefore one of the ultimate issues was whether appellee's incapacity, or disability, was limited to her left leg below the knee—a specific injury.

The trial court properly submitted issue No. 11 as follows: "Do you find * * * the disability, if any, of Molinda Scott, is not limited to her left leg below the knee?" The jury found that the disability was not limited to appellee's left leg below the knee and thereby recovery was not limited to disability from the specific injury. The court correctly refused to enter judgment for disability arising solely by reason of the specific injury to appellee's left foot and ankle. Also, there is no essential difference in issue No. 11 as submitted by the court and appellant's requested special issues No. 6 and No. 8. "Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the cause shall not be reversed because of the failure to submit other and various phases or different shades of the same issue." Rule 279, Vernon's Texas Rules of Civil Procedure; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266. Appellant's points 5, 8 and 9 are overruled.

 Appellant's point 6 alleges that the trial court erred in overruling appellant's objection to special issue No. 1. This issue and the jury answers thereto are as follows:

"Do you find from a preponderance of the evidence that on or about 10 March, 1950, Molinda Scott sustained an accidental personal injury:

"(a) To her left foot? Answer: Yes
"(b) To her neck? Answer: Yes
"by falling in the Montgomery-Ward Company store?"

Appellant's objection stated that the issue was too broad and general, would permit the jury to answer affirmatively even though they believed appellee did not sustain the injuries to her neck and other injuries as alleged, and the court would be unable to determine whether the jury found the answer to the issue from evidence or speculation and that it was duplicitous and multifarious and permitted the jury to find that appellee sustained an aggravation of arthritis to her neck when there was no pleading to support the issue.

Testimony was developed through appellant's witness, Dr. Dunn, that appellee's neck injury was an aggravation of an arthritic condition. Appellant thereafter requested the court to strike such testimony of Dr. Dunn because there was no pleading to support it. Appellee, both in the trial of the cause and in her brief before this court, fails to call attention to

that portion of appellee's pleading in the trial court as follows: "fracture of the upper posterior portion of the fourth cervical vertebra, which has caused an arthritis to develop in that area." Funk and Wagnalls New Standard Dictionary sets forth the following: "Develop—To bring by a gradual series of processes from a simple and incomplete to a more complex and complete condition; cause to pass from a lower to a higher stage as in function, structure, or the like." Appellee's pleading is sufficient to sustain the trial court in refusing to strike Dr. Dunn's testimony as to the aggravation of an existing arthritic condition and would support any findings of the jury based thereunder.

Issue No. 1, hereinabove set forth, is not multifarious or duplicitous. The one ultimate fact issue deals only with the injury sustained by appellee when she fell in Montgomery Ward's store. "A 'group of facts' may constitute the ultimate issue rather than one single fact." Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978, 980.

Appellant contends that considering said issue No. 1 in conjunction with submitted issue No. 3 as to whether "the accidental injury, if any, of Molinda Scott on 10 March, 1950, was a producing cause of the incapacity, if any, of the plaintiff", the court could not determine whether appellee's disability, or incapacity, was the result of the specific foot injury or of the general injury to the neck, vertebra, nervous system, etc. This contention would be correct but for the court's submission of special issue No. 11, "Do you find from a preponderance of the evidence that the disability, if any, of Molinda Scott is not limited to her left leg below the knee?" A. "It is limited to her left leg below the knee," or, "It is not limited to her left leg below the knee." On this issue the jury found that appellee's disability was not limited to her left leg below the knee. Issues 1 and 3 above taken in conjunction with issue No. 11 do not reflect reversible error and appellant's point 6 is overruled.

■■■ Appellant's point 7 is that the court erred in sustaining appellee's objection to introduction of a written state-

ment made by Dr. D. D. Cross to A. C. Cooke, one of appellee's attorneys. The objection of appellee was that the report was hearsay and self-serving and an instrument filed with the Industrial Accident Board of Texas. Appellant contends that Dr. Cross' statement was admissible as the statement of an agent made in the scope of his employment with the principal. It is elementary that before such statement could be properly admitted under appellant's theory that it must first be shown that the doctor was the agent of the appellee. Deaton & Son, Inc., v. Miller Well Servicing Co., Tex.Civ.App., 231 S.W.2d 944, Syl. 7. Further, one of the essential tests of agency is the principal's right of control of the agent. 2 Tex.Jur. p. 384, Sec. 5. Agency does not ordinarily exist where professional skill is required. Restatement of The Law of Agency, Sec. 223, p. 495. The facts must bring the declarations clearly within the limitations of the exception. Le Sage v. Pryor, 137 Tex. 455, 154 S.W.2d 446, Syl. 8, 9. It can hardly be contended, even in a workmen's compensation case, that the physician exercises no independent professional skill but is directly under the control of the claimant as to examination of the claimant and report of the findings. The trial court was correct in ruling out the written statement of Dr. Cross and tendering the witness to both parties in open court as appellee could not be correctly denied her right of cross-examination. Appellant's point 7 is overruled.

■■■ Appellant's final point, No. 10, alleges the court erred in overruling and refusing to sustain the appellant's objections and exceptions to issue No. 10 as submitted by the court to the jury. Appellant's objection is that the issue does not permit the jury to find total incapacity for a period of time thereafter to be followed by a partial incapacity and did not limit the jury nor permit the jury to find the average weekly wage earning capacity in dollars and cents during the period of partial incapacity. Under the issues submitted, the jury found that appellee received a total and permanent incapacity from the injuries sustained by the ap-

pellee. Under such finding of the jury, appellant suffered no harm by the court's ruling as this finding dispensed with the issue of an alleged partial incapacity. Southern Underwriters v. Wright, Tex. Civ.App., 142 S.W.2d 297, Sec. 6. Vernon's Texas Rules of Civil Procedure, 434. Appellant's point 10 is overruled.

The judgment of the trial court is affirmed.